RUSSELL, Appellant,

v.

INTERIM PERSONNEL, INC., et al., Cross–Appellant; Nationwide Belting Manufacturing Co., n.k.a. NWB, Inc., Appellee.

[Cite as *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–98–1407.

Decided Aug. 13, 1999.

302

*Joseph F. Albrechta* and *John A. Coble,* for appellant.

*Robert M. Robenalt,* for cross–appellant.

*Nicholas J. Milanich, Alan B. Parker* and *Brian D. Sullivan,* for appellee.

---

SHERCK, Judge.

This appeal of an award of summary judgment comes to us from the Lucas County Court of Common Pleas. There, the trial court granted summary judgment in favor of an employer in a workplace intentional tort case. Because we conclude that a question of material fact exists as to whether the employer knew the employee's injuries were substantially certain to occur, we reverse.

In 1995, appellant, Thomas J. Russell, was employed by cross-appellant, Interim Personnel, Inc., which placed him as a temporary worker in a factory operated by appellee, Nationwide Belting Manufacturing Company n.k.a. NWB, Inc. Appellee assigned appellant to feed burlap and rubber into a colander machine. In the course of performing this work, appellant's hand became entangled and was pulled into the machine, causing serious and permanent injury.

Appellant brought suit against appellee, cross-appellant and the manufacturer of the machine. He alleged an employer intentional tort and negligence against both appellee and cross-appellant and a products liability claim against the manufacturer. Both the manufacturer and cross-appellant were later dismissed from the case. Following this, cross-appellant sought and was granted leave to intervene in order to maintain a subrogation claim should appellee be held liable.

Following discovery, appellee moved for and was granted summary judgment on both the employer intentional tort claim and the negligence claim. The trial court concluded that appellee was appellant's employer for workers' compensation purposes and that, as a complying workers' compensation employer, it was entitled to immunity.

With respect to the employer intentional tort claim, the trial court noted that even though a safety device had been removed from the machine, there was insufficient evidence to impute knowledge to appellee that an injury would be a "substantial certainty." Because of this, the trial court concluded that appellant failed to satisfy the common law elements of an employer intentional tort and appellee was entitled to judgment as a matter of law. In the same entry, the court dismissed with prejudice cross-appellant's subrogation claim.

From this judgment, appellant now brings this appeal, setting forth the following two assignments of error:

"*Assignment of Error No. 1:* The trial court erred in granting summary judgment, because the appellant presented ample evidence establishing genuine issues of material fact regarding the liability for negligence of appellee NWB, Inc.

"*Assignment of Error No. 2:* The trial court erred in granting summary judgment, because the appellant presented ample evidence establishing genuine issues of material fact regarding the liability for intentional tort of appellee, NWB, Inc."

Cross-appellant, Interim Personnel, Inc., sets forth a single cross-assignment of error:

"*Assignment of Error No. 1:* The trial court erred in dismissing the complaint for intervention filed by Interim Services, Inc. with prejudice."

■ On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. The motion may be granted only when it is demonstrated:

" * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, Civ.R. 56(E).

■ When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 322–323, 463 N.E.2d 1246, 1249–1250. A material fact is one that would affect the outcome of the suit under the applicable substantive law. *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519–520, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212.

## I

Concerning the cross-appeal, it is undisputed that appellant sought and received certain workers' compensation benefits for his injury based on premiums

paid into the fund by cross-appellant. Therefore, appellant and appellee agree that should appellee be found liable for appellant's injuries, cross-appellant is entitled to recoup its costs. Therefore, to the extent that a viable claim remains against appellee, cross-appellant is entitled to maintain its subrogation claim. Accordingly, to that extent, cross-appellant's single assignment of error is well taken.

## II

Except in certain specific circumstances, employers who are in compliance with the workers' compensation statutes may not be held liable for an employee's injuries suffered in the course of or arising out of the worker's employment. R.C. 4123.74. Appellant, citing *Bridges v. Nat. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 551 N.E.2d 163, paragraph two of the syllabus, asserts that to establish such immunity an employer must show certification from the Ohio Industrial Commission that workers' compensation coverage has been established and the employer's premiums paid.

■ Appellant claims that in this case because appellee controlled appellant's "manner and means of performing the work," appellee is appellant's employer pursuant to the syllabus rule of *Daniels v. MacGregor Co.* (1965), 2 Ohio St.2d 89, 31 O.O.2d 141, 206 N.E.2d 554. Appellant insists that as an employer, appellee has a duty to come forward with Industrial Commission certification or some other proof of its participation in the workers' compensation system. Appellant argues that because no such proof appears in the record, appellee failed to establish its immunity and was not entitled to judgment under the law. In support of this position, appellant cites *Carr v. Cent. Printing Co.* (June 13, 1997), Montgomery App. No. 16091, unreported, 1997 WL 324107, in which summary judgment on the employer immunity issue was reversed for lack of evidence that a temporary employment agency paid workers' compensation premiums for an employee injured while working at one of its customer's plants.

The trial court found *Carr* unpersuasive, and granted summary judgment on the negligence claim.

"Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner or means of performing the work, such employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act; and, where such customer has complied with the provisions of the Workmen's Compensation Act, he will not be liable to respond in damages for any injury received by such employee in the course of or

arising out of that work for such customer. (Section 35 of Article II of the Constitution and Section 4123.74 Revised Code, applied.)" *Daniels v. MacGregor, supra,* syllabus; see, also, *State ex rel. Newman v. Industrial Commission of Ohio* (1997), 77 Ohio St.3d 271, 673 N.E.2d 1301.

Clearly, from the facts presented here, appellant may be deemed an employee of appellee. Pursuant to *Carr, supra,* once this employment relationship is established, "R.C. 4123.74 requires compliance with R.C. 4123.35, which specifically requires that an employer shall make premium payments into the workers' compensation fund on behalf of its employees. And without such payments by the customer of the employment agency, either directly or indirectly, such customer cannot claim status as an employer nor the attending immunity provided by R.C. 4123.74. See R.C. 4123.01(B)(2)."

■ In our view, this means that for an employer of a temporary employee to obtain immunity from a negligence suit, someone must pay the workers' compensation premiums and some evidence of that must be before the court. Here, it is undisputed that appellant obtained workers' compensation benefits. Thus, it is reasonable to infer that someone, most likely the cross-appellant, paid workers' compensation premiums for appellant or he would not have obtained benefits from the Bureau of Workers' Compensation. Absent evidence to the contrary, this satisfies the compliance requirement of R.C. 4123.74 and R.C. 4123.35 and entitles appellee to immunity from negligence suits. Accordingly, appellant's first assignment of error is not well taken.

### III

In his remaining assignment of error, appellant complains that the trial court erred in granting summary judgment to appellee on the intentional tort issue.

The common law standard[1] to establish an employer intentional tort requires that a plaintiff must demonstrate:

■ "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus.

---

1. The trial court concluded, and the parties do not contest, that the law governing this matter is the common law as it existed prior to November 1, 1995.

■    In this case, the trial court concluded that there was sufficient evidence to establish appellee's knowledge that the machine was a dangerous instrumentality in the workplace. There is also uncontroverted evidence that appellant was assigned to work on that machine. Consequently, the remaining question is whether appellee presented evidence sufficient to raise a question of fact as to whether the employer had knowledge that harm was substantially certain to occur.

■    Whether an event is substantially certain to occur is a question that must be answered by a probability analysis. When there is some risk that an employee may be injured when subjected to a condition, process or device, this is negligence. *Fyffe, supra,* at paragraph two of the syllabus. As the probability of injury increases, the employer's conduct in failing to ameliorate the situation may be characterized as recklessness. *Id.* Neither employer negligence nor recklessness takes the case out of the protection of the workers' compensation system. *Id.*

■    However, "some industrial activities that involve a high risk of harm, or where the risk of harm is great, may reasonably encompass situations that fall within the scope of an 'intentional tort.'" *Id.* at 117, 570 N.E.2d at 1111; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph six of the syllabus; Restatement of the Law 2d, Torts (1965), Section 8(A); Keaton, Prosser and Keaton on Torts (5 Ed.1984), Section 8. Ultimately, the question of an employer's intent is a question of fact. Keaton at 35–36. As a result, to survive a motion for summary judgment, a plaintiff must set forth specific facts that demonstrate that there is a genuine issue as to the substantial certainty of an injury. See *Fyffe* at 119, 570 N.E.2d at 1112–1113.

In this matter, appellant points to the fact that a similar injury occurred to another employee only the day before, that appellant's work required him to feed material into a nip point, which was regularly only a few inches from his hands, and that the employer had removed an original equipment safety guard from the machine.

The trial court discounted this evidence, concluding that the injury sustained by another employee the day before happened on a different machine and in a different manner than appellant's injury. Similarly, there had been no reported injury resulting from the colander machine during its time of service. Removal of an original equipment guard was apparently performed by the plant's prior owners and was not discovered by appellee until after appellant's injury. There was additional testimony from another employee that even with the safety device in place, the machine was as dangerous as it was without the guard. On this

basis the trial court found as a matter of law that appellant failed to raise a triable issue of fact on the substantial certainty of injury element.

We disagree with the trial court's reasoning. To us, it is self evident that an employee who manually feeds material into a machine with an unguarded nip point is at great risk of great injury. This is particularly so where no secondary safety devices are employed; *e.g.,* wrist lanyards, foot pedals, or hand pads. Appellee recognized this when it warned appellant and others of the danger the machine represented. Under some circumstances, this fact alone, construed most favorably to the appellant, may create a question of fact as to whether the probability of injury is sufficient to be substantially certain to occur.

In this case, we have the additional issues of the removal of the safety device (who was responsible and when) and the questioned efficacy of the safety device. These are items of evidence that may influence the eventual trier of fact in its determination of whether appellee knew that appellant's injury was substantially certain to occur.

Finding that there exists a genuine question of material fact concerning whether the employer knew that its employee was substantially certain to be injured, we conclude that the trial court erred in granting summary judgment on the employer intentional tort claim. Accordingly, appellant's second assignment of error is well taken.

Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. The matter is remanded to said court for further proceedings in consistent with this opinion. Costs to appellee.

*Judgment reversed.*

KNEPPER, J., concurs.

HANDWORK, P.J., dissents.

HANDWORK, Presiding Judge, dissenting.

I dissent regarding the second assignment of error. I believe the trial court properly found that appellant's injury was not substantially certain to occur.