OPINION
Plaintiff Richard A. Reiss appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant The Players Guild of Canton, Inc. on plaintiff's action for wrongful termination of an employment contract. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT STATED BY THE APPELLANT AND SUMMARY JUDGMENT SHOULD NOT BE GRANTED IN THIS MATTER.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED BY CONSIDERING THE CONTENTS OF THE AFFIDAVIT SIGNED BY FREDERIC SCOTT BECAUSE THE AFFIDAVIT CONTAINED EVIDENCE THAT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO CIVIL RULE 56 (E).
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED BY DENYING THE APPELLANT THE OPPORTUNITY TO SUPPLEMENT HIS AFFIDAVIT.
The trial court found certain facts to be undisputed. Appellant was employed as technical director by appellee pursuant to a written contract. The contract between the parties contained a termination clause, which provided appellee could terminate the employment agreement any time, after first giving 30 days notice to appellant, for incompetence, or inefficiency, or for any conduct on the part of appellant which tends to reflect detrimentally upon appellee, such as, but not limited to intemperance, negligence, shortage in accounts, or refusal to follow the instruction of the Board of Trustees. The contract further provided the Board of Trustees shall be the sole judge as to whether appellant's services are satisfactory.
The court found appellant alleged that during the time period from July 1, 1999, to August 15, 2000, he only received praise and good evaluations of his work. Then on August 15, 2000, appellee's managing director sent appellant a letter warning him about his intemperance. The court found that in addition, appellee had discussed with appellant concerns about alleged favoritism and a perceived relationship with a particular volunteer. Appellant asserts the complaint was unsubstantiated, and based on gossip.
The court cited appellee's personnel committee meeting minutes of October 31, 2000, which reflect a discussion about the appearance of an inappropriate relationship between appellant and one of the volunteers and its negative effect on the staff, as well as "interpersonal tension" between appellant and another party.
The minutes of the personnel committee meeting for November 7, 2000, reflect an employment review of appellant. The review states one of the issues discussed was the appearance of an inappropriate relationship between appellant and a volunteer.
On November 21, 2000, the personnel committee met once again, and discussed appellant's job performance and negative influence on the rest of the staff. The personnel committee unanimously voted to recommend to the full Board of Trustees that appellant be relieved of his duties immediately if the Board of Trustees approved this move at their regularly scheduled meeting on November 28, 2000. The committee stated that appellant had given cause to terminate his employment because of his repeated incompetence and inefficiency, conduct in his personal affairs that involved other staff which reflected detrimentally on appellee, and repeated intemperance reported by back-stage volunteers.
On November 21, 2000, appellant was convicted of domestic violence against his wife, who was also appellee's employee.
On November 28, 2000, the Board of Trustees adopted the recommendation of the personnel committee, terminated appellant's employment, and gave him 30 days pay in lieu of notice.
The trial court found the termination provision of the contract permitted appellee's Board of Trustees to terminate appellant's employment for conduct which it had determined to have a detrimental effect. The court also found the Board of Trustees could terminate appellant's employment for failure or refusal to follow instructions. The Board had sole discretion to determine whether appellant's services were satisfactory.
The trial court found appellee had properly documented instances and discussions involving appellant, as demonstrated in the minutes of the various personnel committee meetings. The court found appellant had been made aware of appellee's concerns prior to his termination.
The trial court concluded, based upon the personnel committee's meeting minutes, appellant's performance review, the letter from appellee's managing director, and the various affidavits filed, there are no genuine issues of fact, and that the appellee was entitled to summary judgment as a matter of law.
Civ.R. 56 (C) states in pertinent part:
(C) Motion and proceedings
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. AmericanStates Insurance Company (1981), 67 Ohio St.2d 427, 433. The trial court may not resolve ambiguities on the evidence presented, Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 I
In his first assignment of error, appellant urges there are genuine issues of material fact which preclude summary judgment. Appellant argues appellee did not produce sufficient evidence regarding the conviction of domestic violence. The trial court found the conviction violated the clause of the contract which prohibited conduct which tends to reflect detrimentally upon appellee. Appellant argues his conviction did not cause him to miss any work, and appellee presented no evidence the conviction was reported in the news media. Appellant argues to the contrary, the incident occurred off the premises of the appellee, and appellee did not demonstrate the conviction reflected detrimentally upon it.
Appellant also argues the charge of intemperance was never substantiated, but concedes, appellee discussed with appellant the allegations volunteers had made. Finally, appellant characterizes as "wild" the volunteers' perception of improper conduct between appellant and a volunteer. It is undisputed the volunteer in question was promoted to a higher, although unpaid, position.
Appellee argues while some of the specific facts may be disputed, there is no dispute as to any material fact. In Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, the court defined "material fact" as one which would affect the outcome of the case under the applicable substantive law. We agree with appellee none of the facts appellant raises are material to this action.
Appellant also challenges the termination provision in the employment contract, arguing its enforceability is an issue of fact. We find, however, it is a question of law. Appellant argues when the contract vests sole discretion with appellee to determine whether appellant's job performance was satisfactory, it in effect created an employment at will. Appellant cites us to no authority, and this court was unable to find any authority to support appellant's position. We find the trial court correctly found the clause was clear and unambiguous, and enforceable. We conclude the trial court correctly found there is no genuine issue of material fact, and that appellee was entitled to summary judgment as a matter of law.
 II
In his second assignment of error, appellant argues the trial court should have sustained his motion to strike the affidavit of Frederic Scott because it was not based on personal knowledge.
Scott's affidavit alleged, inter allia, that appellee's volunteers and staff were well aware of the domestic violence conviction and the fact that the victim of the domestic violence was also appellee's employee. Scott further alleges the personnel committee knew of the conviction, when it made its recommendation to terminate appellant's employment. Finally, Scott alleges the Board of Trustees was aware of and considered the conviction for domestic violence when it terminated appellant's employment for, among other things, behavior which reflected detrimentally on appellee.
Scott's affidavit also alleges he was a member of the Board of Trustees and the personnel committee.
Contrary to appellant's assertions, the face of Scott's affidavit demonstrates he was in a position to acquire personal knowledge of the matters contained in the affidavit.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant urges the trial court erred by not permitting him to supplement his affidavit. Appellant wished to submit to the court letters of recommendation tending to show appellant was not intemperate, incompetent, or inefficient. The trial court found the alleged letters were irrelevant, and hearsay.
We agree with the trial court the letters were inadmissible.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By GWIN, P.J., and EDWARDS, J., concur HOFFMAN, J., concurs separately
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.