OPINION
This appeal arises from a decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of May Department Store d.b.a. Kauffmans Distribution Center ("Appellee"). In light of the discussion that follows, we must reverse the decision of the trial court and remand this matter for further proceedings.
Maurice Lawson ("Appellant"), was employed as a truck driver for a company known as Ozark Motor lines ("Ozark"). Ozark had a delivery arrangement with Appellee which occasionally required Ozark drivers making deliveries to Appellee's distribution center to assist Appellee's employees when they offloaded the contents of the truck. Known in the business as a "live load," an Ozark driver delivering such a load was required to work under the direction of Appellee's employees during the offloading process. (Affidavit of Keith Dickson, May 1, 2000, para. 5; Lawson Depo. p. 36).
On June 3, 1998, during one such delivery, Appellant suffered an injury to his shoulder. At the time, Appellant had been assisting Appellee's employee, Michael Marks ("Marks") as he unloaded boxes containing television sets from the Ozark truck. Marks had been removing the boxes with a forklift and Appellant assisted by holding and stabilizing the boxes while Marks slid the forklift underneath. Somehow, Appellant's arm became pinned between the boxes and the forklift, and Appellant damaged his shoulder during his efforts to free his arm.
Appellant subsequently received Worker's Compensation benefits through Ozark. Nevertheless, on May 18, 1999, Appellant filed suit against Appellee alleging that Marks' negligence precipitated his shoulder injury. Appellee moved for summary judgment, claiming that it was immune from liability under R.C. § 4123.74. According to Appellee, even though Appellant was an employee of Ozark, when he delivered the truck load of television sets to Appellee's Distribution Center, he became a "loaned servant" or an employee of Appellee. Therefore, Appellee argued that, as Appellant's employer, it was immune from liability for negligence under R.C. § 4123.74.
On July 31, 2000, concluding that there was, "no genuine issue of material fact as to whether Appellant was a loaned servant," the trial court granted Appellee's motion and dismissed the complaint. This is an appeal from that decision.
In his sole assignment of error, Appellant maintains:
 The trial court committed error by sustaining the motion for Appellee for Summary Judgment.
As Appellant aptly notes, resolution of this case turns on two factors. First, whether Appellant was an employee or "loaned servant" of Appellee when he sustained his shoulder injury. Second, whether Appellee was Appellant's "employer" under R.C. § 4123.01(B)(2), in compliance with R.C. § 4123.35, and therefore entitled to the immunity provisions set forth under R.C. § 4123.74.
The trial court resolved this matter on a motion for summary judgment. Review of appeals taken from the trial court's decision to grant summary judgment is de novo. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. In other words, this Court applies the same standard on review of a motion for summary judgment as the trial court did when it granted the motion. Lorain National Bank v. SaratogaApartments (1989), 61 Ohio App.3d 127, 129.
Since summary judgment is a fairly drastic means of terminating litigation, it should be undertaken with caution, resolving all doubts against the moving party. Osborne v. Lyles (1992), 63 Ohio St.3d 326,333. Summary judgment is proper only where the court concludes, after viewing the record in a light most favorable to the nonmoving party, that there exists no genuine issue of material fact and therefore, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304; Civ.R. 56(C).
The party seeking summary judgment must inform the trial court of the basis for its motion and identify the parts of the record that demonstrate that it is entitled to judgment as a matter of law. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293.
Where the initial burden is met, the nonmoving party must then demonstrate that there is a genuine issue for trial. Lovejoy v. WestfieldNat. Ins. Co. (1996), 116 Ohio App.3d 470, 474, citing Dresher, supra, at 295. To defeat a summary judgment motion, the nonmovant must present some evidence to raise a genuine issue of material fact. Nice v. Marysville
(1992), 82 Ohio App.3d 109, 116-117. Only in the absence of such evidence is summary judgment proper. Id.
When the trial court concluded that this litigation was properly terminated on a motion for summary judgment, it had before it Appellant's complaint, Appellee's answer to that complaint, Appellant's deposition, Marks' deposition and an affidavit from Keith Dickson ("Dickson"), another employee of Appellee's. Based on that record the trial court concluded, "that there is no genuine issue of material fact as to whether or not Plaintiff was a `loaned servant'," and granted Appellee's motion. (Judgment Entry, July 31, 2000).
Appellee argues that it was entitled to summary judgment because Appellant was a loaned servant or employee of Kaufmanns' when he delivered the televisions to its distribution center. Appellee reasons that as Appellant's employer, Kauffmans was immune from liability under R.C. § 4123.74 for the injuries Appellant suffered in the course of his employment.
The loaned servant rule provides that where one person lends his servant to another for a particular employment, within the context of that employment, the servant is treated as if he were the servant of the one to whom he was lent. Halkias v. Wilkoff Co. (1943), 141 Ohio St. 139,151. Furthermore, the loaned servant relationship is not affected by the fact that the party who lent the servant continues to pay him as long as the "borrowing" party controls the servant while he accomplishes the task he was sent to perform. Id. at 153; see also Restatement of the Law 2d, Agency (1958) 501-503, § 227, illustration five.
The record indicates that although Appellant drove a truck for Ozark, Ozark had an arrangement with Appellee that required Ozark's drivers to assist Appellee's distribution center employees when they unloaded deliveries from the Ozark truck. (Dickson Affidavit, May 1, 2000, para. 3; Lawson Depo. p. 36). As part of that arrangement, the Ozark employee would then receive additional payment of $55.00 for the extra work. (Dickson Affidavit, May 1, 2000, para. 4; Lawson Depo. p. 36, 37; Marks Depo. p. 13). In addition, during the offloading process, the Ozark truck driver assisted under the direction or supervision of one of Appellee's employees. (Dickson Affidavit, May 1, 2000, para. 5 6; Lawson Depo. pp. 45-46).
Based on the relationship described above, the trial court properly concluded that Appellant was a loaned servant or employee at the time he suffered injury to his arm. This Court recognizes that Appellant remained an Ozark employee when he undertook the delivery and sustained his injury. Nevertheless, for purposes of determining whether Appellant was a loaned servant, it is critical that Appellant did so under Appellee's direction and control. Since Appellant admitted that he unloaded the truck according to Marks' directions, there appears to be no genuine factual dispute that he was a "loaned servant."
The trial court's decision to terminate this litigation by granting summary judgment was, however, premature. Under R.C. § 4123.74, employers who are in compliance with their obligations under worker's compensation statutes are immune from liability for the injuries an employee suffers during the course of his employment. Bridges v. NationalEngineering Contracting Co. (1990), 49 Ohio St.3d 108, para. 4 of the syllabus. Accordingly, to enjoy such immunity, the party claiming entitlement to it must demonstrate that it is an "employer" under the auspices of the Worker's Compensation Act. An employer, as defined by R.C. § 4123.01(B)(2) must pay premiums into the state worker's compensation fund. R.C. § 4123.35 further directs the employer to pay premiums semiannually, "* * * into the state insurance fund as may be ascertained to be due from the employer by applying the rules of the administrator." The worker's compensation bureau will then send back to the employer a, "* * * receipt or certificate [which is considered] prima-facie evidence of the payment of the premium." R.C. § 4123.35.
Accordingly, summary judgment was only proper here if Appellee could demonstrate that it was an "employer" as contemplated by R.C. §4123.01(B)(2), by showing that it had paid into the state's workers compensation fund in accordance with R.C. § 4123.35. If Appellee has indeed paid those premiums, as this Court suspects that it has, it had at its disposal documentation that it had done so. Appellee was required to produce such evidence. In the absence of proof of this material fact, the trial court's decision to grant summary judgment in this case was premature. Carr v. Central Printing Co. (June 13, 1997), Montgomery App. No. 16091, unreported.
Appellee admits it failed to produce direct evidence of compliance with R.C. § 4123.35, but proposes that this Court should, nevertheless, affirm summary judgment. Appellee maintains that Appellant waived this argument by failing to complain about the lapse when the matter was before the trial court. Appellee seems to forget, however, that this case was resolved on Appellee's motion for summary judgment. It was, therefore, Appellee's duty to establish that it was entitled to immunity under R.C. § 4123.74 as a matter of law. Dresher, supra at 293-294.
Given the restrictions surrounding summary judgment proceedings under Civ.R. 56, an issue of material fact is still outstanding and, thus, the record shows that Appellee failed to demonstrate that it was entitled to summary judgment. The assignment of error advanced by Appellant is meritorious. The trial court judgment is reversed and this matter is remanded for further proceedings according to law and consistent with this Court's opinion.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.