OPINION
{¶ 1} Plaintiff-appellant Sondra I. Peirce appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of appellees J.C. Meyer Company, Inc., and Daniel L. Siegenthaler on appellant's claims for negligence in violation of fiduciary and statutory duties. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN AWARDING J.C. MEYER CO., INC. (MEYER CO.) SUMMARY JUDGMENT ON ITS COMMISSION CLAIM AND IN AWARDING MEYER CO. AND TIFFANY MEYER SUMMARY JUDGMENT ON APPELLANTS' CLAIMS FOR DAMAGES.
 {¶ 3} "II. THE TRIAL COURT ERRED IN AWARDING SIEGENTHALER, WHO REPRESENTED THE BUYERS, SUMMARY JUDGMENT ON HIS CLAIM FOR A SHARE OF THE MEYER CO. COMMISSION AND IN AWARDING SIEGENTHALER SUMMARY JUDGMENT ON APPELLANTS' CLAIMS FOR DAMAGES FOR VIOLATION OF HIS BROKER DUTIES OWING TO OWNER.
 {¶ 4} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING APPELLANTS' MOTIONS TO RECONSIDER AND TO REVISE OR VACATE THE SUMMARY JUDGMENTS IN FAVOR OF APPELLEES."
 {¶ 5} Finney Farm Properties is a partnership. Appellant Sondra Peirce was a one-third partner and defendant Stanley Brody, now deceased, was a two-thirds partner and trustee of the Brody Family Trust. They acquired the property in question, 41 acres zoned residential, prior to 1980. Their plan at least from 1980 when Peirce's husband died was to sell the land at a profit. In approximately 1987, there was an effort to build a Buehler's Supermarket on the property, but the Mansfield City Council rejected the plan.
 {¶ 6} Sondra Peirce and Brody authorized Finney Farm Properties to enter into a standard listing agreement with J.C. Meyer Company in February, 2001. The listing agreement provided for a commission of seven percent upon either the execution of a binding contract to purchase the property or the procurement of a buyer ready, willing and able to buy the property pursuant to the terms of the contract. The contract was to expire on December 31, 2001, and provided it could not be modified in any way unless by writing signed by all parties and attached to the original agreement. The listing price was $400,000.
 {¶ 7} In February, 2002, Brody and Peirce signed a sale agreement with Walter Hunsinger for $375,000, contingent on getting the property re-zoned from residential to B-1 business use within five months. Hunsinger was unsuccessful, and after the five months expired, he asked for a contract extension. Peirce consulted legal counsel regarding her right to unilaterally reject a contract offered to the partnership, and then refused to extend the sales contract with Mr. Hunsinger.
 {¶ 8} In August 2002, Lutheran Social Services discussed buying three of the frontage acres for $150,000 to build a H.U.D. low income senior citizens' housing complex. Lutheran Social Services requested an option contingent on re-zoning, but Meyer learned in discussions with Mansfield's mayor and city council members it was unlikely the property would be re-zoned. Lutheran Social Services did not buy the property.
 {¶ 9} On July 18, 2003, Southern View Condominiums, Inc. offered to purchase the property for $400,000, contingent on re-zoning and regional planning approval. On July 22, 2003, Drs. Dewald and Das offered $400,000 for the property without any contingencies. The offer was good for one day. Seigenthaler Realty Co. and Daniel Siegenthaler represented the doctors.
 {¶ 10} On July 28, 2003, Stanley Brody sent a letter to Peirce reminding her of zoning problems they had encountered in attempting to sell the property, and advising her he wished to accept the doctors' offer.
 {¶ 11} On August 14, 2003, Peirce contacted Meyer Company and agreed to the $400,000 sale to the doctors. The following day, Peirce suggested changing the closing date and shifting the CAUV property tax obligation to the buyers. The same day the doctors accepted the modified terms. At some point later, Peirce repudiated the contract, arguing she had been pressured to sign it by her realtor and by Brody.
 {¶ 12} On September 15, 2003, Peirce and Finney Farms filed suit against J.C. Meyer Company, Siegenthaler Realty and Daniel Siegenthaler, as well as Brody, Drs. Dewalt and Das, the title company, and a bank. The trial court found there was an enforcible purchase agreement and Siegenthaler and Meyers were entitled to split the seven percent sales commission.
 {¶ 13} Appellant's statement pursuant to Loc. App. R. 9 alleges the summary judgment was inappropriate as a matter of law.
 {¶ 14} Civ. R. 56 states in pertinent part:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App. 3d 826.
 I II {¶ 18} Appellant argues the trial court erred in granting summary judgment on Meyer and Siegenthaler's claims for their commissions. Appellant argues Meyer knew the property was worth more than $400,000, but failed to negotiate a higher price. Peirce states she mistakenly believed her consent was not necessary to the sale, and Brody and Meyer exploited her belief she was in a no-win situation. Peirce argues Siegenthaler knew the property was worth more than his clients had offered, and failed to disclose he would share the commission for the sale.
 {¶ 19} The trial court found when Peirce made changes to the doctors' offer, she in effect made a counter offer, which the doctors accepted. The court found this created an enforcible contract, and both the writing and the conduct of the parties indicated their intent to enter into the contract. The court found Peirce offered no evidence in support of her allegations she had been coerced into signing the contract. She had engaged in several real estate transactions over the years. The court found appellant had read the sales agreement, and knew the partnership property could not be sold without her consent. The court concluded Peirce intended to sell the property.
 {¶ 20} Under the equitable doctrine of "procuring cause" a real estate broker can recover after the contract expires if he can prove a series of events, without a break in continuity, which directly produce a purchaser ready, willing, and able to purchase the real estate on the owner's terms, Saxon Real EstateCo. v. Deerfield Lands, Inc. (1995), Franklin App. No. 94APE08-1230, citations deleted. The trial court found Meyer had continued its sales efforts after the contract expired, and had procured a buyer for the property.
 {¶ 21} The first and second assignments of error are overruled.
 III. {¶ 22} In her third assignment of error, appellant argues the court abused its discretion in overruling her motion to reconsider or to revise and/or vacate the summary judgments in favor of Meyer and Seigenthaler. Peirce argues until all of the various claims by all of the various parties had been resolved, the court's summary judgments were interlocutory, and should have been vacated. Beyond this she sets forth only her arguments in I and II, supra on the merits.
 {¶ 23} The third assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellants.