[Cite as *Photon Interactive UK, Ltd. v. Robinson*, 2024-Ohio-5465.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| PHOTON INTERACTIVE UK | : | Hon. W. Scott Gwin, P.J. |
| LIMITED, ET AL | : | Hon. John W. Wise, J.. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : |  |
|  | : |  |
| -vs- | : | Case No. 24 CAE 03 0017 |
|  | : |  |
| JERRY ROBINSON | : |  |
|  | : | OPINION |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING: Appeal from the Delaware County Court of Common Pleas, Case No. 22 CV H 07 0374

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 20, 2024

APPEARANCES:

For Plaintiffs-Appellants

MYRON MOSKOVITZ
90 Crocker Avenue
Piedmont, CA 94611

For Defendant-Appellee

JOHN MARSH
10 West Broad Street. Suite 2100
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellants appeal the February 20, 2024, judgment entry of the Delaware County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} Appellee Jerry Robinson was employed at appellants Photon International UK, Limited, and Photon Infotech (collectively, "Photon") from 2006 to 2020. Photon is a California company with its principal place of business in Dallas, Texas. Photon is a digital-technology company that provides project-based services and information-technology-support services to clients. Photon employees develop mobile and web-based applications for clients, and sometimes place employees on-site at client facilities. Sales staff for Photon learn the business of existing clients and identify new projects wherein Photon could provide the client with additional staffing and new applications.

{¶3} Appellee initially worked in India for Photon. However, in 2012, appellee moved to the United States when he moved into management of strategic accounts. From 2017 to 2020, appellee was the Vice-President of Strategic Accounts at Photon. During this time, appellee managed Photon's "customer relationship" with two "strategic" customer accounts located in Ohio, Bank 1 and Bank 2. Photon placed software developers at Bank 1's facilities in Ohio, Delaware, and New York, and placed software developers at Bank 2 facilities in the U.S. and India. Photon never placed workers in either Africa or Latin America, in-person or remotely.

{¶4} Sometime in mid-2020, Sachin Bhagwat, a former colleague of appellee's at Photon, recruited appellee to work at a company named Andela. In September of 2020, Andela interviewed appellee. Andela is a staffing company that provides software

developers to the client via a specially developed client portal powered by an algorithm developed by Andela. Developers work as independent contractors of the client, work remotely from their homes, and are primarily located in Africa and Latin America. Andela does not place workers on site at clients' facilities and does not assume responsibility for projects or involve itself in work performed by the software engineers. In text messages dated September 9, 2020, Bhagwat and appellee briefly discussed the possibility of soliciting business from Bank 1 and 2. However, at that point in time, appellee still worked for Photon.

**{¶5}** Appellee resigned his position at Photon on October 30, 2020. He initially joined Andela in 2020 as a client partner, supporting one large company account with a company that he never had any dealings with while working for Photon. In July of 2022, appellee became the Vice-President of Enterprise Sales at Andela. His customers at Andela do not overlap with his former clients he worked with while working for Photon. Appellee describes Andela's business as matchmaking between clients and talent located in Africa or Latin America via a client portal that Andela designed.

**{¶6}** Photon filed a complaint against appellee on July 27, 2022, for breach of contract, unjust enrichment, and seeking a preliminary injunction. Photon sought to enjoin and collect damages for appellee's alleged violation of a non-compete agreement contained in a document dated October 1, 2019, and entitled "Photon Interactive UK Limited Stock Option Agreement" ("Agreement").

**{¶7}** The relevant portion of the Agreement provides as follows:

In consideration of the Option, the Participant agrees and covenants not to:

Contribute his or her knowledge, directly, or indirectly, in whole or in part, as an employee, officer, owner, manager, advisor, consultant, agent, partner, director, shareholder, volunteer, intern or in any other similar capacity to an entity engaged in the same or similar business as the Company and its Affiliates (the "Group"), including those engaged in the business of designing, developing, and marketing software for mobile or Web applications or providing skilled software developers to perform client software projects, in each case in the United States of America, for a period of two (2) years following the Participant's termination of Continuous Service * * *.

{¶8} The Agreement contains a choice of law provision that specifically provides that Section 11, the section containing the non-compete provision, "shall be governed by the laws of the State of Texas if the Participant primarily works in the United States * * *." There is no dispute that appellee primarily works in the United States, and both parties agree that Texas law governs in this case.

{¶9} The magistrate conducted a hearing on Photon's motion for preliminary injunction. Multiple people testified at the hearing, including Hariprasad Ramakrishnan, the Executive Vice-President at Photon, Photon's Chief Financial Officer Sanjiv Lochan, appellee, and Bruce Tizes, Andela's Vice-President of Strategy.

{¶10} The magistrate denied the preliminary injunction on December 29, 2022, finding: (1) Andela has a different business model than Photon because Andela exclusively operates in the IT staffing business and workers are independent contractors who work remotely for Andela customers, (2) Photon has no evidence that appellee

solicited or serviced any of Photon's customers on behalf of Andela, (3) revenue for Bank 2 actually increased after appellee's resignation, and (4) while revenue for Bank 1 decreased immediately after appellee's resignation, it increased several months later. The trial court adopted the magistrate's decision denying the preliminary injunction on March 21, 2023.

{¶11} Appellee filed a motion for summary judgment on December 15, 2023. Photon filed a memorandum contra on January 19, 2024, arguing (1) there is a genuine issue of material fact whether Photon and Andela are competitors and (2) as a matter of law (applying Texas law) the non-compete clause was not overbroad. Photon attached to the memorandum contra the affidavit of Sanjiv Lochan, appellant's Chief Financial Officer, stating there are several technology companies that are not "engaged in the same or similar business" as Photon and its affiliates, and that he "reviewed" documents from Andela, including transcripts of text messages between appellee and Bhagwat. Photon also attached to the memorandum in opposition multiple deposition transcripts, the transcript of the preliminary injunction hearing, the stock option agreement, and several exhibits purporting to be logs of instant messages between Bhagwat and appellee.

{¶12} The trial court issued a detailed judgment entry on February 20, 2024, granting appellee's motion for summary judgment. The trial court first noted that it did not consider the logs of the instant messages between appellee and Bhagwat, except where individual text messages were exhibits to Bhagwat's deposition, because Lochan was not the author or recipient of any of the communications, and only reviewed them during the discovery process. Photon does not assign as error the trial court's ruling in this regard.

{¶13} The trial court found summary judgment was appropriate because, pursuant to Texas law, the non-compete provision is unenforceable and overbroad. The trial court stated the non-compete provision in the Agreement is ancillary to an otherwise enforceable stock-option agreement. Further, that the Agreement broadly prohibits appellee from "contributing his knowledge, directly or indirectly, as an employee to a company" engaged in the same or similar as Photon and its affiliates. The provision includes an example of two businesses that would be covered by the provision, "those engaged in the business of designing, developing, and marketing software for mobile or Web applications or providing skilled software developers to perform client software projects." However, the trial court found that even though these two examples are listed in the non-compete provision, the word "including" is used before these two examples, which means the Agreement does not limit the industry coverage to those two example lines of business and thus the scope of the restriction is not limited to those two examples. Rather, it includes any business in which Photon and its affiliates are engaged, and any similar businesses.

{¶14} The trial court further reasoned the clause is overbroad and unenforceable because, under the plain language of the Agreement, appellee is restricted from contributing his knowledge to a competitor. Using the common meaning of the word "contribute," which means "to give or supply," the court found it would be impossible for appellee to work in any capacity for any competitor without giving or supplying the sum of what he knows, including knowledge in subjects unrelated to his former employment at Photon. The trial court noted the restriction is not limited to sales-related or client-facing roles, and the provision goes far beyond what is required to protect Photon's

customer goodwill. The trial court cited several cases and found the provision in this case is the same as a restriction on "providing services" or "being affiliated with a competitor."

**{¶15}** The trial court rejected Photon's argument that the provision must be reformed to make it reasonable. The court concluded reformation would be an exercise in futility because, when a court reforms a non-compete provision under Texas law, only injunctive relief is available as remedy. However, injunctive relief is not available in this case because the non-compete expired on October 30, 2022.

**{¶16}** As an alternative theory for granting the motion for summary judgment, the trial court found that, even if the non-compete provision was enforceable under Texas law, Photon and Andela are not competitors. The court considered the two-year period beginning on October 30, 2020 (when appellee's employment ended with Photon) and ending on October 30, 2022 (two years following appellee's service end date at Photon). The court stated that, while Photon and Andela have some business in which each places software developers with customers, there is no evidence the companies have overlapping customers. The trial court concluded the companies are not competitors because Photon provides customers with W2 employees employed by Photon who work on site at U.S.-based customer facilities, or in a Photon-run facility in India specifically established at the wish of the customer, while Andela provides independent contractors who work remotely from their own homes, who are based in Africa or Latin America. Additionally, while Photon's business is project-based, Andela does not involve itself in work performed by the workers it places because the customers fully direct the work.

**{¶17}** Photon appeals the February 20, 2024, judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶18}  "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST PHOTON."

*Summary Judgment Standard*

{¶19}  Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶20}  A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.  *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981).  The court may not resolve any ambiguities in the evidence presented.  *Inland Refuse Transfer*

*Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984).  A

fact is material if it affects the outcome of the case under the applicable substantive law.

*Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.

1999).

**{¶21}** When reviewing a trial court's decision to grant summary judgment, an

appellate court applies the same standard used by the trial court.  *Smiddy v. The Wedding

Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).  This means we review the matter

de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

**{¶22}** Photon argues the trial court committed error in granting the motion for

summary judgment.  Specifically, Photon contends the trial court committed error in

finding: (1) there was no genuine issue of material fact as to whether Andela is a

competitor of Photon's and (2) as a matter of law, the non-compete provision violated

Texas statutes that regulate the contents of non-competition agreements.

*Overbroad and Unenforceable Pursuant to Texas Law*

**{¶23}** The parties agree that Texas law controls in this case due the choice of law

provision contained in the Agreement.  The trial court found, pursuant to Texas statutes

and caselaw, the non-competition provision is overbroad and unenforceable.  Photon

contends the trial court committed error in this conclusion.

**{¶24}** In its brief, Photon admits that Photon and its affiliates "do engage in

businesses that perform work other than the work [appellee] performed."  However,

Photon believes the non-competition provision is not as broad as the trial court

determined it was because the Agreement describes two types of work after the word

"affiliates": (1) those engaged in the business of designing, developing, and marketing software for mobile or Web applications, or (2) providing skilled software developers to perform client software projects. Photon argues these two "examples" demonstrate the intent of the parties was that the non-compete was drafted to prevent appellee from providing the same type of work for one of Photon's competitors as he did at Photon.

{¶25} The validity and enforceability of covenants not to compete are governed by sections 15.50-15.52 of the Texas Business and Commerce Code. Section 15.50 of the code provides:

> A covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

{¶26} A covenant not to compete is a restraint of trade and unenforceable as a matter of law unless it is reasonable. *Henshaw v. Kroenecke*, 656 S.W.2d 416 (1983). The question of whether a covenant not to compete is reasonable is a legal question for the court. *Id.* Restraints are not reasonable if they are broader than necessary to protect the legitimate interests of the employer. *Id.* The trial court found that the non-compete clause in this case was ancillary to or part of an otherwise enforceable agreement.

{¶27} To be reasonable, an agreement not to compete must satisfy each of three conditions: (1) it must be ancillary to an otherwise valid contract, transaction, or relationship; (2) the restraint created must not be greater than necessary to protect the

promisee's legitimate interests such as business goodwill, trade secrets, or other confidential or proprietary information; and (3) the promisee's need for protection given by the agreement must not be outweighed by either the hardship to the promisor or any injury likely to the public. *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381 (1991). The core inquiry pursuant to Section 15.50 is "whether the covenant contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than necessary to protect the goodwill or other business interest of the promisee." *Marsh USA, Inc. v. Cook*, 354 S.W.3d 764 (2011).

{¶28} Texas courts, including the Texas Supreme Court, have held that industry-wide exclusions are unreasonable and overbroad, as are those that prevent contact with clients with whom the employee had no dealings during his or her employment. *John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80 (14th Dist. 1996); *Weber Aircraft, LLC v. Krishnamurthy*, 2014 WL 12521297 (E.D. Texas 2014); *Fromhold v. Insight Global, LLC*, 675 F.Supp.3d 880 (N.D. Texas 2023)

{¶29} In this case, the covenant not to compete extends to clients with whom appellee had no dealings during his employment. Here, the non-compete prevents appellee from "contributing his knowledge," either "directly or indirectly" with any entity engaged in the "same or similar business" as Photon or its affiliates. This amounts to an industry-wide restriction and is not limited to clients with whom appellee actually worked with during his employment at Photon. The legitimate business interest to be protected by the non-compete clause is preventing appellee from using his business contacts to take Photon's customers with him. However, the language contained in the non-compete clause is overbroad because it could include clients appellee had no contact with when

associated with Photon; thus, the clause is not reasonably necessary to protect Photon's legitimate interests. *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381 (1991); *Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289 (Ct. Apps. 2004) (non-compete that extends to clients with whom salesman had no dealings with during his employment is unenforceable); *U.S. Risk Ins. Group, Inc. v. Woods*, 399 S.W.3d 295 (Ct. App. 2013) (no reasonable limitation as to scope of activity to be restrained); *Forum US, Inc. v. Musselwhite*, 2020 WL 4331442 (14th Dist. 2020) ("affiliated" with competitor clause overbroad and unreasonable).

{¶30} In addition to the impermissible industry-wide exclusion and impermissible restriction that prevents contacts with clients with whom appellee had no dealings during his employment at Photon, the language contained in the non-compete provision provides that appellee cannot use any "knowledge, directly or indirectly, in whole or in part, as an employee, officer [or]* * * volunteer * * *." This does not comport with the concept that a former employee is entitled to "freely use general knowledge, skills, and experience acquired during his employment to compete with his former employer." *Philip H. Hunke, DDS, MSD, Inc. v. Wilcox*, 815 S.W.3d 855 (Ct. Apps. 1991). The broad language impermissibly prevents appellee from contributing *any* knowledge, even his general knowledge not relating to clients he dealt with, in a direct or indirect manner. Photon cannot assert any proprietary interest of appellee's "general" knowledge or experience. *Philip H. Hunke, DDS, MSD, Inc. v. Wilcox*, 815 S.W.3d 855 (Ct. Apps. 1991).

{¶31} We likewise reject Photon's contention that the restrictions are reasonable because it listed two specific business examples in the non-compete clause. The non-compete provision remains unreasonably broad because it precludes work of *any* type

from these specific types of competitors of Photon, even a position that would not require appellee to use any of Photon's confidential information. *Weber Aircraft, LLC v. Krishnamurthy*, 2014 WL 12521297 (E.D. Texas 2014). Further, Photon's interpretation of the clause ignores that the word "including" is specifically utilized in the language of the Agreement. Thus, the non-compete clause does not limit the industry coverage to those two-example line of businesses. To limit the scope of the non-compete to the two examples listed in the provision would require reforming the provision to eliminate the "same or similar business" language.

{¶32} Not only does the clause apply to clients of Photon that appellee never had any contact with, but it also applies to activities outside the scope of appellee's duties at Photon. It would prevent appellee from holding any job, or even volunteer, at a business in the "same or similar business" at Photon or its affiliates regardless of his duties at Photon. This is overbroad. "To conform to Texas Supreme Court precedent," the non-compete provision "must prohibit him from taking clients he personally worked with in the twelve months prior to his departure." *Fromhold v. Insight Global, LLC*, 675 F.Supp.3d 880 (N.D. Texas 2023).

{¶33} Here, the non-compete clause does not limit itself to Photon clients appellee previously had contact with, and does not even limit itself to Photon's clients, as it applies to an "entity engaged in the same or similar business as" Photon and its affiliates. It prevents appellee from contributing any "knowledge" either indirectly or directly and in any capacity to businesses that were never clients of Photon. This broad provision is not analogous to the type of non-compete clause allowed by the Texas Supreme Court wherein an employee is prohibited from taking clients the employee had worked with in

the past twelve months. *Henshaw v. Kroenecke*, 656 S.W.2d 416 (1983); *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197 (5th Cir. 2018).

{¶34} The language Photon uses to support its argument that it is a competitor of Andela also demonstrates the non-compete clause is overbroad and unenforceable. Photon argues it is a competitor with Andela because Photon's business is broad and focuses on making money by providing existing clients with "anything related to digital technology" and "evaluating the customer's entire organization." Pursuant to the plain language of the non-compete clause, appellee was prevented from contributing his knowledge as an employee to "an entity engaged in the same or similar business" as Photon. Utilizing Photon's definition of its business, which includes providing clients with "anything related to digital technology" or "evaluating the customer's entire organization," the non-compete clause is clearly an impermissible industry-wide exclusion.

{¶35} Photon contends the trial court failed to consider various contract principles contained in Texas law such as: transactions should be validated rather than voided; contracts should be construed from a utilitarian standpoint that is mindful of the particular business activity sought to be served; the trial court's reading of the agreement renders the "two examples" meaningless; specific language controls over general language; and interpretations that lead to absurd results are disfavored.

{¶36} However, the cases cited by appellant are not non-compete cases. Rather, they are general contract cases not dealing with Texas Business & Commerce Code Section 15.50. Instead, these cases deal with issues such as whether amendments changing the method of allocation for profits and losses of partnership funds required unanimous approval (utilitarian standpoint), *Reilly v. Rangers Management, Inc.*, 727

S.W.2d 527 (1987), whether an "earned out" payment provision of an asset purchase agreement was unenforceable (should not consider only parts of the contract and disregard other parts), *Fischer v. CMTI, LLC*, 479 S.W.3d 231 (2016), mineral leases (utilitarian standpoint and should strive to give effect to all lease provision so none are rendered meaningless, *Devon Energy Production, Co., L.P. v. Sheppard*, 668 S.W.3d 332 (2023), whether a lease agreement allowed a landlord to include non-water charges in a water/sewer fee (no one phrase of contract should be isolated and specific provision controls over general language), *Mosaic Baybrooke One, LP v. Simien*, 674 S.W.3d 234 (2023), and whether a contract provision authorizing the deduction of costs to install compression to deliver sellers gas applied only to compression required to overcome working pressure in the buyer's system (utilitarian standpoint, examine whole instrument), *Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445 (2015). Additionally, we find it is clear from trial court's analysis that it did take into consideration many of these principles in making its decision.

{¶37} The non-compete case cited by appellant, *Republic Services, Inc. v. Rodriguez,* 2014 WL 2936172 (14th Dist. 2014) is not analogous to this case because, in that case, the former employee failed to provide evidence that the provision was an industry-wide exclusion, and the former employer specifically demonstrated how the provision excluded some non-competitors within the applicable industry. Further, the language contained in that non-compete clause was narrower. Finally, several years after the *Rodriguez* case, the same court found broader language ("otherwise being affiliated with a competitor in any capacity"), like the language in this case, was overbroad and unreasonable. *Id.*

{¶38}  Photon contends that, even if the non-compete clause was overbroad, the trial court should have reformed the clause pursuant to Texas Business & Commerce Code Section 15.51(c).  That section provides:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than necessary to protect the goodwill or other business interest of the promise, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee, and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.

{¶39}  However, pursuant to this statute, the only relief available after reformation is injunctive relief.  Injunctive relief is not available in this case because the clause expired on October 30, 2022.  Thus, reformation would be an exercise in futility because the court would be reforming an expired non-compete clause for which injunctive relief cannot be granted.  *John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80 (14th Dist. 1996).

*Competitors*

{¶40}  Photon contends the trial court committed error in finding no genuine issue of material fact as to whether Andela and Photon are competitors.  Photon argues the

companies are competitors because they both provide staff augmentation for software engineering services. While Photon acknowledges that Andela has a fixed way of delivering the staff augmentation service via remote workers, Photon contends it provides the same service as part of a larger program offering a wide range of service to clients. In support of its argument, Photon cites the testimony of Ramakrishnan that both Photon and Andela work in the business of "staff augmentation," and that Photon provided anything related to digital technology that the client might want at any time.

{¶41} The finding that the companies are not competitors was an alternate theory upon which the trial court found it could grant summary judgment, even if the non-compete provision was found to be enforceable under Texas law. In the first portion of Photon's assignment of error, we found the non-compete clause overbroad and unenforceable pursuant to Texas law. Thus, any discussion about the alternate theory of whether the companies are competitors pursuant to the non-compete clause is rendered moot by our disposition of the first portion of Photon's assignment of error.

{¶42} Based on the foregoing, Photon's assignment of error is overruled.

{¶43} February 20, 2024, judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin J., concur