OPINION
{¶ 1} Defendant Adrienne Cozzolino appeals a summary judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of plaintiff Fifth Third Bank on its foreclosure action. The bank had named Franco Miriello Builders, LTD and the Delaware County Treasurer as other defendants. The builders confessed judgment and are not parties to this appeal. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT'S SUMMARY JUDGMENT FINDINGS THAT MRS. COZZOLINO WAS A VENDOR AND THAT FRANCO MIRIELLO BUILDERS, LTD. OBTAINED THE FINANCING `REQUIRED' BY ITS CONTRACT WITH MRS. COZZOLINO ARE NOT SUPPORTED BY THE RECORD AND ARE IN ERROR.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW WAYNE BLDG. LOAN CO. V. YARBOROUGH AND FAILED TO FIND THAT MRS. COZZOLINO HAD AN EQUITABLE LIEN AND THAT HER EQUITABLE LIEN HAD PRIORITY OVER THE SUBSEQUENT MORTGAGE OF FIFTH THIRD."
 {¶ 4} Appellant's statement pursuant to Loc. App. R. 9 states the trial court erred as a matter of law and also, because the within presents genuine issues of material fact.
 {¶ 5} The trial court found the following facts are undisputed. Initially, appellant purchased a building lot and contracted with the defendant builders to build a house. At some point in the construction process, appellant decided she did not want the home under construction, but rather, wanted a different home on a different lot. Defendant builders signed a third addendum to the contract whereby appellant agreed to convey the property to the builders with the understanding the builders would secure financing to complete and sell the subject property. In return, the defendant builders agreed to pay appellant $385,075.00 from the sale proceeds of the property, which represents the amount of money appellant had invested in the original home.
 {¶ 6} The builders successfully obtained the required financing from the bank, and signed a mortgage on the subject property in December, 2002. Appellant transferred the property to the builders, and the warranty deed was recorded on January 3, 2003. The bank's mortgage was also filed with the Recorder's Office on January 3, 2003. The builders gave appellant a "second mortgage" in December, 2003 and appellant recorded it the same day.
 {¶ 7} The builders defaulted on the bank's mortgage, and the bank brought this foreclosure action. Appellant filed a cross-claim against the builders for recovery of the sale proceeds pursuant to the agreement of the parties. The bank concedes appellant has an interest in the property, but the parties' dispute which of their liens has priority.
 {¶ 8} Civ. R. 56 states in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 10} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App. 3d 826.
 {¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, Drescher v. Burt
(1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 13} A fact is material if it affects the outcome of the action under the applicable substantive law, Russell v. InterimPersonnel, Inc. (1999), 135 Ohio App.3d 301.
 I. {¶ 14} In her first assignment of error, appellant urges the trial court erred in determining she was a vendor rather than a vendee, and in finding the builders obtained the financing required by the contract between appellant and the builders.
 {¶ 15} Appellant's status as a vendor or vendee is critical. In Summer Company v. DCR Corporation (1976),47 Ohio St. 2d 254, the Ohio Supreme Court held if a purchase money mortgagee fails to reserve his rights to a vendor's lien as provided in R.C. 5301.26, the mortgagee waives his rights. A purchase money mortgage recorded subsequent to the commencement of work on the mortgaged premises is subordinate to any properly perfected mechanic's lien for labor and material furnished prior to the recording of the mortgage. Syllabus by the court, paragraphs 1 and 2.
 {¶ 16} The Supreme Court quoted the language of R.C. 5301.26, which provides as between the vendor and vendee of the land, the vendor shall have a lien for unpaid purchase money, but this lien is not effective against a purchaser, mortgagee, judgment creditor, or other encumbrancer, unless there is a recital or reservation of the lien in the deed or in some instrument of record. The trial court cited the Summer Company case as authority for the proposition a vendor can secure priority in its lien only in the ways the Ohio Supreme Court set forth. The court found appellant is a vendor and failed to secure her lien until December, 2003, eleven months after she transferred the property. The court concluded the bank's mortgage had priority over appellant's lien.
 {¶ 17} Appellant argues she is not a vendor, but rather the vendee of the property, and therefore she has a prior equitable lien against the property predating the bank's lien.
 {¶ 18} Both parties agree a vendor is a seller, that is, the person to be paid and the vendee is the buyer, the person who pays the money. Appellant argues she purchased the lot and paid out money in return for the construction, and thus, she is the vendee. The bank argues while she may have been the vendee in the first transaction, under the third addendum to the contract between the builders and appellant, appellant was the vendor, transferring the property to the builders in anticipation of receiving money in return. We agree with the trial court appellant was the vendor of the property.
 {¶ 19} Appellant also argues there is no evidence in the record the builders used the mortgage money to continue construction on the subject property. Appellant argues the financing required under the contract between appellant and the builders was a small amount needed to complete the house. Instead, the builders obtained far more money and applied it to other projects. The bank's complaint indicates there were two promissory notes, one for $350,000 and the other for $100,000. At the time the bank filed suit, the builders owed $322,840.32 on the first note, and $49,712.95 on the second note.
 {¶ 20} We find it is immaterial how the builders used the proceeds of the loan. Pursuant to Summer, supra, if appellant were the vendee her lien may have predated the bank's, but because she is a vendor, her lien was effective only after she recorded it in December 2003.
 {¶ 21} The first assignment of error is overruled.
 II. {¶ 22} In her second assignment of error, appellant argues the court erred in not finding her equitable lien had priority over the bank's mortgage, pursuant to Wayne Building LoanCompany v. Yarborough (1967), 11 Ohio St. 2d 195.
 {¶ 23} Wayne Building Loan Company held a vendee's equitable lien for payments made under an executory contract to purchase real estate is prior to the lien of a recorded mortgage, taken by the mortgagee with notice of the vendees' purchase contract, to the extent the vendees' payments are made before the vendee receives actual notice of the mortgage. In fact, theSummer case discussed Wayne Building Loan, and found it is consistent with Summer.
 {¶ 24} Applying Wayne Building Loan, the question still comes down to appellant's status as a vendee or a vendor. Because we find in I, supra, appellant was a vendor in the last transaction, we find the trial court's decision is consistent with both the Wayne Building Loan Company case and the subsequent Summer Company case.
 {¶ 25} The second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Gwin, J., and Wise, P.J., concur Hoffman, J., concurs in part; dissents in part.