OPINION *Page 2 
{¶ 1} Plaintiff-appellant Bobby Starks appeals the December 28, 2007 Judgment Entry entered by the Guernsey County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Wheeling Township Trustees, and denied Appellant's Motion for Summary Judgment.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 21, 2006, Appellant filed a Complaint, naming Appellees as defendants. The Complaint arose from a line fence dispute in which Appellees notified Appellant he was required to build a portion of such fence pursuant to R.C. 971.02, et seq. In count one of the Complaint, Appellant alleged the cost he was assessed to pay for the line fence exceeded the benefits conferred upon him. Count two sought an injunction, prohibiting Appellees from assessing the cost of the fence to Appellant. In count three, Appellant sought a mandamus, directing Appellees to release all of the public records requested by him. Appellees filed a timely answer, asserting Appellant was estopped from seeking relief as he failed to exhaust all of the his administrative remedies.
 {¶ 3} Appellees filed a Motion for Summary Judgment on September 18, 2007. Appellees maintained there was no genuine issue as to any material fact because Appellant failed to file an appeal from Appellees' December 30, 2005 Decision which assigned to Appellant responsibilities related to the construction of the line fence. The trial court scheduled the matter for non-oral hearing on October 11, 2007. Appellant filed a Motion for Extension of Time, requesting the trial court allow him to file his *Page 3 
response brief on or before October 31, 2007, which was the original deadline imposed by the trial court for the filing of dispositive motions. Via Entry filed October 5, 2007, the trial court granted Appellant's motion, and continued the non-oral hearing until November 21, 2007. Appellant subsequently filed a response to Appellees' motion for summary judgment and also sought summary judgment in his favor. Appellees filed a supplemental memorandum in support of their motion for summary judgment to which Appellant replied. Via Entry filed December 28, 2007, the trial court found no genuine issues of material fact remained and granted summary judgment in favor of Appellees. The trial court also denied Appellant's motion for summary judgment.
 {¶ 4} It is from this entry Appellant appeals, raising as its sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT IN FAVOR OF THE APPELLEE-DEFENDANT, WHEELING TOWNSHIP TRUSTEES, ET AL., ON THEIR MOTION FOR SUMMARY JUDGMENT AND DENIED JUDGMENT IN FAVOR OF THE APPELLANT-PLAINTIFF, BOBBY STARKS, ON HIS MOTION FOR SUMMARY JUDGMENT."
 Standard of Review {¶ 6} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of *Page 4 
evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 8} Pursuant to the above rule, a trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St.3d 280. Once the *Page 5 
moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App.3d 732.
 {¶ 10} It is based upon this standard we review Appellant's assignment of error.
 I {¶ 11} In his sole assignment of error, Appellant maintains the trial court erred in granting judgment in favor of Appellees and in denying judgment in his favor. Specifically, Appellant contends the evidence presented to the trial court established Appellees failed to follow all of the statutory procedures for a line fence proceeding as set forth in R.C. 971.04.
 {¶ 12} In May, 2005, landowners adjacent to Appellant filed a Complaint pursuant to R.C. 971.04 with Appellees. Appellees sent timely notice to each landowner, including Appellant and the complaining landowners. Appellees conducted a view at the site of the fence line on December 17, 2005. Appellees' secretary recorded the minutes of the view. On December 30, 2005, Appellees issued Orders of Assignment, advising the landowners of its decision and instructing each landowner to construct a specific portion of the fence within a specific period of time. Appellant received and signed for his notice of the order on January 3, 2006.
 {¶ 13} R.C. 2505.07 provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the *Page 6 
period of time within which the appeal should be perfected, unless otherwise provided by law, is 30 days."
 {¶ 14} Appellant did not file an appeal from the administrative order to the court of common pleas. Rather, on August 21, 2006, Appellant filed the instant action. Pursuant R.C. 2505.07, Appellant was required to file an appeal of Appellees' order within 30 days of his receipt of notice of said order, i.e., 30 days from January 3, 2006. Because Appellant failed to do so, the trial court properly granted summary judgment in favor of Appellees on counts one and two of the Complaint.
 {¶ 15} Appellees concede the trial court did not rule on count 3 of Appellant's Complaint which sought a mandamus for public records. Accordingly, we remand the matter to the trial court to proceed to disposition of count 3.
 {¶ 16} Appellant's first assignment of error is overruled.
 Hoffman, P.J., Wise, J. and Edwards, J. concur *Page 7 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed and this matter remanded to that court for further proceedings in accordance with our opinion and the law. *Page 1