[Cite as *Lan-Fair Credit Union v. Centres Kentucky LLC*, 2011-Ohio-2953.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| LAN-FAIR CREDIT UNION | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 10-CA-53 |
| CENTRES KENTUCKY LLC, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
of Common Pleas, Case No. 06-CV-1069

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 16, 2011

APPEARANCES:

For Plaintiff-Appellee

DANIEL J. FRUTH
STEBLETON, ARANDA & SNIDER
Box 130
Lancaster, OH 43130

For Defendant-Appellant

AMELIA A. BOWER
PLUNKETT COONEY
300 East Broad Street, Ste 590
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Defendants-appellants Centres Kentucky, LLC. dba Centres, Inc. and ARC DGLANOH001, LLC appeal a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of plaintiff-appellee Lan-Fair Credit Union. Appellants assign a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN APPELLEES FAVOR AND FINDING THAT APPELLANT'S PROPERTY IS SUBJECT TO AN EASEMENT IN FAVOR OF APPELLEE."

{¶3} Appellants' statement pursuant to Loc. App. R. 9 asserts the summary judgment was incorrect both as a matter of law and because there is a genuine dispute as to material facts. Appellants argue the facts in dispute are: 1. The location of the easement when it was created; 2. The location of the easement during the time Lan-Fair owned the property; and 3. The location of the easement when Centres Kentucky acquired its property.

{¶4} The case began as an action for specific performance, declaratory judgment, and trespass. Essentially, the Credit Union sought to enforce an appurtenant easement for ingress and egress to its property over several parcels of land, including a tract of land owned by ARC. The easement also crosses or abuts property owned by ChrisSystems and the Fernow Trust. Both ChrisSystems and the Fernow Trust were party defendants, but are not parties to this appeal.

{¶5} In its June 30, 2009, judgment entry, the court outlined the history of this easement. The court found Pleasant Development Corporation purchased two contiguous tracts of land in 1977, including 14.63 acres from Robert and Barbara

Dorwart and Larry and Beverly Sharp, and 2 adjacent acres from several individuals, including the McKinnons.  This resulted in Pleasant Development Corporation owning a parcel of land comprised of 16.63 acres.

{¶6}  In 1980, Pleasant Development Corporation conveyed .803 acre of its land to Farmers & Citizens Bank.  The court found this .803 acre was derived from what was originally the Dorwart property.  The deed to the bank conveyed the property and also granted the bank a permanent right-of-way and easement for ingress and egress, and for parking over and on all entrances from Fair Avenue, all roads, service roads, parking areas, and other common areas whether in existence at the time of the conveyance or constructed later on the remaining real estate owned by the grantor.  The bank's deed referenced Deed Book Volume 470, page 24, the deed from the Dorwarts and Sharps to Pleasant Development Corporation wherein the easement was first granted.  In 1992, the bank transferred the property to the appellee, Lan-Fair Credit Union.

{¶7}  Also in 1992, Pleasant Development Corporation transferred other property to C.J. L. & Associates.  This transfer involved a 2.73 acre tract of land and a .41 acre tract of land.  It is the 2.73 tract that was subsequently transferred amongst various parties and ultimately came to appellant ARC.  The court found this property is comprised of land Pleasant Development Corporation received from the Dorwarts and from the McKinnons.  The court found the deed to C.J.L. & Associates is recorded in Deed Book, Volume 609, page 455, and reserves an easement to Pleasant Development Corporation. It also notes the land is subject to all conveyances from

Pleasant Development Corporation as found in Deed Book, Volume 494, page 997, the bank's deed.

{¶8} The trial court found the placement of the easement is not an issue, because it is what the court described as "fluid" by virtue of the after-acquired clause. The language of the easement allows the Credit Union permanent ingress and egress across all roads, service roads, parking lots, and other common areas on the remaining 15.827 acres, that had been a part of Pleasant Development Corporation's land. The court clarified that the easement in question involves the right to use any and all roads that existed on Pleasant Development Corporation's land in 1980, and any and all roads constructed across those acres in the future. The court concluded there was no way to rigidly define the easement's boundaries, but also found there was no question that a gravel road did cross the boundaries of appellant ARC's 2.73 acres.

{¶9} The trial court found appellants' argument that the easement was not in the servient estate's chain of title was incorrect. The court found appellants were not bona fide purchasers taking the land free of encumbrances because the CJL deed specifically stated it was subject to all conveyances from the grantor as found in Deed Book Volume 494, page 997. The court concluded appellants had constructive notice of the easement.

{¶10} The court also found appellants' argument that the easement could only encumber what was once the Dorwart property is also incorrect, because the easement specifically encumbers all the real estate owned by the grantor in 1980. The court concluded as a matter of law the Credit Union was entitled to a judgment finding it has a valid easement across appellants' land.

**{¶11}** Civ. R. 56 states in pertinent part:

**{¶12}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶13}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Hounshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427, 424 N.E.2d 311. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301, 733 N.E.2d 1186.

**{¶14}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35, 506 N.E.2d 212. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶15}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732, 600 N.E.2d 791.

**{¶16}** A failure to respond to a motion for summary judgment does not, by itself, warrant that the motion be granted. *Morris v. Ohio Casualty Insurance Co.* (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904. Even where the non-movant completely fails to respond to the summary judgment motion, the trial court's analysis should focus on whether the movant has satisfied its initial burden of showing that reasonable minds could only conclude the case should be decided against the nonmoving party. *Id.* Only then should the court address whether the non-movant has met its reciprocal burden of establishing that a genuine issue remains for trial. Id.

{¶17} Appellants first argue while the sale from Pleasant Development Corporation to the bank created the easement, when the land now owned by the Fernow Trust was sold there was neither a specific reference to the easement nor any general reference to easements in the deed.

{¶18} The trial court granted default judgment against the Trust, and it is not a party to this appeal.   We find appellants have no standing to raise any issues pertaining to the Fernow property.

{¶19} Appellants argue their deed does not reference the easement itself, but only contains a "cross-reference" to various conveyances.  The deed actually lists ten conveyances, and sets out the volume and page where each was recorded.

{¶20} Appellants cite *Spring Lakes Ltd. v. O.F.M. Company* (1984), 12 Ohio St.3d 333, 467 N.E.2d 537, as authority for the proposition a deed does not create constructive notice of a specific easement to a purchaser if it contains only a general reference to easements.

{¶21} We find appellant's reliance on *Spring Lakes* is misplaced. In *Spring Lakes,* a company called Scott, Gage, & Whigham owned property consisting of lots 85, 86, and 95 in Randolph Township, Portage County.  The OMF Company bought lots 85 and 95, which had an easement for a sewer system across lot 86.  Thereafter, Spring Lakes acquired lot 86 from the successor to Scott Gage & Whigham.  The warranty deed transferring the property to Spring Lakes from the bank did not state there was an easement, but did contain what the court referred to as a general reference to an easement. The court's opinion does not recite the actual wording of the general reference.

{¶22} Spring Lakes brought an action to quiet title, and OMF Company counterclaimed to enforce its easement. The Ohio Supreme Court found in order for a purchaser of property to be charged with constructive notice of an encumbrance contained in a prior recorded instrument, the prior instrument must be recorded in the purchaser's chain of title. The rationale for this rule is that a title searcher examining the deed had no notice of the deed granting the easement and would not have found any encumbrance. *Spring Lake* stands for the proposition that the recording of an instrument outside the chain of title does not grant constructive notice to the new owner of the property. *Spring Lake* at 333, citations deleted.

{¶23} Here, the deed did not contain a general statement regarding an easement, but referenced ten recorded deeds by the volume and page in the Deed Books. We find the trial court did not err in determining appellants had constructive notice of the easement.

{¶24} Appellants also assert the Credit Union did not show the location and scope of the easement. The trial court found the easement was "fluid", but its present location could be identified. The Credit Union presented affidavits from a title examiner and from Dennis Croft, an executive of the Credit Union. Croft's affidavit testifies to traffic patterns he has observed and how the easement has been defined by use. Croft's affidavit states he oversaw the Credit Union's purchase of the property and knew of the existence of the easement at the time of purchase.

{¶25} Appellants did not present any evidence contradicting the Credit Union's affidavits regarding the scope and location of the easement. Instead, their only focus was on the quality of evidence presented by the Credit Union. Once the trial court

rejected appellants' argument about the admissibility of the affidavits, the affidavits were the only evidence on the scope and location of the easement before the court.

{¶26} Because we find the affidavits qualify as proper evidentiary materials, we find the appellants' failure to come forward with contradictory evidence permitted the trial court to rely on the Credit Union's affidavits regarding the location and scope of the easement. Additionally, the plain language of the easement states it lies over any road presently on the property or later constructed over the property. The court found there is a gravel road crossing the property.

{¶27} Appellants presented an affidavit from a title examiner, who found there was no easement in the title work referred to him. The title examiner stated in his professional opinion, if there is an easement, it is limited only to the parcel originally belonging to the Dorwarts.

{¶28} The court found the reference to the Dorwarts deed simply helps delineate the chain of title, but does not limit the easement. The court found reading the reference to the prior instrument as a limitation on the easement would contradict the express language of the easement, which states it applies to all the remaining real estate owned by the grantor. The court concluded it could not read the CJL deed to apply only to the Dorwart property. We agree. The trial court correctly stated construction of a written contract is a matter of law, requiring the court to ascertain and give effect to the intent of the parties. The court was not required to accept an expert opinion regarding how to interpret the language.

{¶29} Appellants urge the issues of fact as to the location of the easement in 1980, when appellants purchased the property, and at the present time are factual

issues that were not resolved by the court's entry of summary judgment. We agree with the trial court the precise location of the easement at any given time is not determinative, because the 1980 language specifically notes it applies to any road or street constructed across the property at any time.

{¶30} We find the trial court did not err in entering summary judgment on behalf of the appellee Credit Union. The assignment of error is overruled.

{¶31} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0513

[Cite as *Lan-Fair Credit Union v. Centres Kentucky LLC*, 2011-Ohio-2953.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAN-FAIR CREDIT UNION | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CENTRES KENTUCKY LLC, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 10-CA-53 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellants.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY