[Cite as *Piemonte v. Malatesta*, 2013-Ohio-4.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KELLY PIEMONTE AND<br>BETH MCCARTY, EXECUTRICES OF<br>THE ESTATE OF CLAUDE H. HICKS | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| Plaintiffs-Appellants | |
| | Case No. 12-CA-28 |
| -vs- | |
| BRADLEY AND JANE MALATESTA<br>AND WELSH HILLS WATER CO., LLC | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:     Appeal from Licking County Court of
Common Pleas, Case Nos. 2010CV0196
and 2010CV01844

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     January 2, 2013

APPEARANCES:

For Plaintiffs-Appellants     For Defendants-Appellees

TRACY S. COMISFORD     JEFFREY B. SAMS
P.O. BOX 44     10400 Blacklick Eastern Rd., Suite 140
Granville, Ohio 43023     Pickerington, Ohio 43147

*Hoffman, J.*

{¶1} Kelly Piemonte and Beth McCarty, Executrices of the Estate of Claude H. Hicks, appeal the February 27, 2012 Judgment Entry entered by the Licking County Court of Common Pleas granting summary judgment in favor of defendants-appellees Bradley and Jane Malatesta and Welsh Hills Water Co., LLC.

STATEMENT OF THE FACTS AND CASE

{¶2} The Estate of Claude H. Hicks is the successor in interest to Claude H. Hicks, who owned real estate located in Granville Township, Ohio. In 1972, Hicks discovered an artesian well on the property and formed Welsh Hills Water Company, Inc. for the purpose of bottling and selling water from the artesian well. Hicks pledged the real estate to Peoples Bank, NA in order to secure a loan enabling Welsh Hills Water Company, Inc. to purchase equipment and to bottle and market water from the well.

{¶3} Appellees Bradley and Jane Malatesta purchased approximately 30 acres of neighboring land from Hicks in 2003.

{¶4} On October 16, 2006, People's Bank filed a complaint seeking to foreclose on Claude Hicks' mortgage to his real estate.

{¶5} On June 28, 2007, Hicks and Welsh Hills Water Company, Inc. moved the court to appoint a receiver. On June 29, 2007, the trial court appointed a receiver over the real estate and Welsh Hills Water Company, Inc. Martin Management Services was appointed the receiver ("Martin").

**{¶6}** Thereafter, Martin procured an offer from Sunrider Manufacturing, LP. to purchase the real estate and other assets. A proposed contract with Sunrider embodying the offer was entered into on October 23, 2007.

**{¶7}** On November 16, 2007, Hicks and Bradley Malatesta discussed the receivership and the potential for an immediate sale of the real estate and other assets to Sunrider. The Malatestas offered to purchase the real estate and suitable assets required to bottle water for the sum of $1,342,500.00. The Malatestas prepared a contract for the sale.

**{¶8}** On December 6, 2007, Hicks filed a formal objection to the proposed sale to Sunrider. Hicks then represented his neighbors would be presenting a higher and better offer.

**{¶9}** Prior to a hearing on December 10, 2007, Hicks filed for protection in the bankruptcy court.

**{¶10}** The Malatestas formed Welsh Hills Water Company, LLC on January 9, 2008 for the sole purpose of assigning their interest in the contract for the purchase of the real estate.

**{¶11}** The bankruptcy court approved the sale, but the Malatestas refused to close on the sale on April 17, 2008.

**{¶12}** Martin then renegotiated the purchase contract with Sunrider ultimately selling the real estate and other assets for an amount less than the Malatesta contract and the original Sunrider offer.

**{¶13}** Claude Hicks passed away in March of 2009.

{¶14} On February 8, 2010, Martin Management Services filed a complaint against the Malatestas as the duly appointed receiver for Welsh Hills Water Company, Inc. asserting claims for breach of contract, tortuous interference with a contract and seeking release to receiver of a $25,000 deposit held by a title agency.

{¶15} On August 26, 2010, Appellants sought to intervene as plaintiffs in the Martin Management complaint as the real parties in interest. The trial court granted the Malatestas and Martin Management's motion to strike Appellant's pleadings.

{¶16} On December 2, 2010, Appellants Kelly Piemonte and Beth McCarty, as the Executrices of the Estate of Claude H. Hicks filed a complaint against Bradley and Jane Malatesta and Welsh Hills Water Company, LLC alleging breach of contract and seeking declaratory judgment.

{¶17} Via Judgment Entry of April 15, 2011, the trial court consolidated the cases.

{¶18} The parties filed cross motions for summary judgment. On February 27, 2012, the trial court granted summary judgment to the Malatestas and Welsh Hills Water Company, LLC on Appellants' claims for breach of contract, but denied summary judgment on Martin Management's claim for tortious interference with a contract, finding genuine issues of material fact remained.

{¶19} Appellants now appeal, assigning as error:

{¶20} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS.

**{¶21}** "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT TO THE INDIVIDUAL DEFENDANTS ON THE ISSUE OF THEIR PERSONAL LIABILITY."

**{¶22}** Initially, we must address whether the trial court's February 27, 2012 Judgment Entry is a final appealable order. We conclude it is not.

**{¶23}** If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989); *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

**{¶24}** An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

**{¶25}** To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

**{¶26}** R.C. § 2505.02(B) provides, in pertinent part:

**{¶27}** "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶28}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶29}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

**{¶30}** Civ.R. 54(B) provides:

**{¶31}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

**{¶32}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. § 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ. R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio

St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, ¶ 5–7. We note, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, (1989). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

**{¶33}** As stated above, on April 15, 2011, the trial court consolidated the cases filed against the Malatestas and Welsh Hills Water Company, LLC by Martin Management and the Estate of Claude Hicks. Via Judgment Entry of February 27, 2012, the trial court granted summary judgment in favor of the defendants (the Malatestas and Welsh Hills Water Company, LLC) as to the Appellants' claim for declaratory judgment. However, the trial found genuine issues of material fact remained as to Martin Management's claim against the defendants (the Malastestas and Welsh Hills Water Company, LLC) for tortuous interference of contract, and denied Martin Mangement's motion for summary judgment on that claim. Accordingly, fewer than all of the claims of the parties have been determined. We find the February 27, 2012 Judgment Entry of the Licking County Court of Common Pleas is not a final appealable order.

**{¶34}** This appeal is dismissed for lack of jurisdiction.

By: Hoffman, J.

Delaney, P.J. and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KELLY PIEMONTE AND                    :
BETH MCCARTY, EXECUTRICES OF          :
THE ESTATE OF CLAUDE H. HICKS         :
                                      :
     Plaintiffs-Appellants          :
                                      :
-vs-                                  :                JUDGMENT ENTRY
                                      :
BRADLEY AND JANE MALATESTA            :
AND WELSH HILLS WATER CO., LLC        :
                                      :
     Defendants-Appellees           :                Case No. 12-CA-28


     For the reason stated in our accompanying Opinion, this appeal is dismissed for lack of jurisdiction.  Costs to Appellant.




                                   s/ William B. Hoffman_____
                                   HON. WILLIAM B. HOFFMAN


                                   s/ Patricia A. Delaney_____
                                   HON. PATRICIA A. DELANEY


                                   s/ W. Scott Gwin _____
                                   HON. W. SCOTT GWIN