[Cite as *Piemonte v. Malatesta*, 2013-Ohio-4688.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KELLY PIEMONTE, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-14 |
| BRADLEY M. MALATESTA, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 2010CV00196
                             and 2010CV01844


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 21, 2013


APPEARANCES:


For Plaintiffs-Appellants          For Defendants-Appellees


TRACY S. COMISFORD                 JEFFREY B. SAMS
P.O. Box 44                        10400 Blacklick Eastern Rd., Suite 140
Granville, Ohio 43023              Pickerington, Ohio 43147

*Hoffman, P.J.*

{¶1}   Plaintiffs-appellants Kelly Piemonte and Beth McCarty, Executrices of the Estate of Claude H. Hicks, appeal the January 29, 2013 Judgment Entry entered by the Licking County Court of Common Pleas granting summary judgment in favor of Defendants-appellees Bradley and Jane Malatesta and Welsh Hills Water Co. LLC.

FACTS AND PROCEDURAL HISTORY

{¶2}   The Estate of Claude H. Hicks is the successor in interest to Claude H. Hicks, who owned real estate located in Granville Township, Ohio. In 1972, Hicks discovered an artesian well on the property and formed Welsh Hills Water Company, Inc. for the purpose of bottling and selling water from the artesian well. Hicks pledged the real estate to Peoples Bank, NA in order to secure a loan enabling Welsh Hills Water Company, Inc. to purchase equipment and to bottle and market water from the well.

{¶3}   Appellees Bradley and Jane Malatesta purchased approximately 30 acres of neighboring land from Hicks in 2003.

{¶4}   On October 16, 2006, People's Bank filed a complaint seeking to foreclose on Hicks' mortgage securing his real estate.

{¶5}   On June 28, 2007, Hicks and Welsh Hills Water Company, Inc. moved the court to appoint a receiver. On June 29, 2007, the trial court appointed a receiver over the real estate and Welsh Hills Water Company, Inc.  Martin Management Services ("Martin Management") was the appointed receiver.

{¶6}   Thereafter, Martin Management procured an offer from Sunrider Manufacturing, LP. ("Sunrider") to purchase the real estate and other assets. A

proposed contract with Sunrider embodying the offer was entered into on October 23, 2007.

**{¶7}** On November 16, 2007, Hicks and Bradley Malatesta discussed the receivership and the potential for an immediate sale of the real estate and other assets to Sunrider. Following a written offer from Sunrider, a hearing was scheduled for December 10, 2007.

**{¶8}** On December 4, 2007, Martin Management spoke with the Malatestas, who expressed an interest in purchasing the real estate. Martin Management told the Malatestas to be present at the December 10, 2007 hearing if they wished to make an offer.

**{¶9}** The Malatestas offered to purchase the real estate and suitable assets required to bottle water for the sum of $1,342,500.00. The Malatestas prepared a contract for the sale.

**{¶10}** On December 6, 2007, Hicks filed a formal objection to the proposed sale to Sunrider. Hicks represented the Malatestas would be presenting a higher and better offer. However, Martin Management, as the receiver, declined to discuss a possible sale to the Malatestas, or to continue the pending hearing date in order to formalize an offer.

**{¶11}** Prior to the hearing on December 10, 2007, Hicks filed for protection in the bankruptcy court. The real estate became an asset of the bankruptcy estate.

**{¶12}** On the same date, the Malatestas deposited $25,000 with the Talon Title Agency. On December 21, 2007, the Malatestas entered into a written purchase agreement with Hicks proposing the purchase of the real estate and water bottling

assets from Hicks, as Chapter 11 debtor in possession. The purchase agreement was contingent upon the Bankruptcy Court's approval of the sale prior to January 31, 2008, and specified, to be effective, any waiver of the contract's contingencies had to be in writing. Martin Management and Sunrider both opposed the sale in Bankruptcy Court.

{¶13} The Malatestas formed Welsh Hills Water Company, LLC on January 9, 2008, for the sole purpose of assigning their interest and liabilities under the purchase agreement to Welsh Hills Water Company, LLC.

{¶14} The bankruptcy court approved the sale to the Malatestas on April 17, 2008. However, they refused to proceed.

{¶15} Martin Management then renegotiated the purchase contract with Sunrider, ultimately selling the real estate and other assets for an amount less than the Malatestas' purchase agreement and the original Sunrider offer.

{¶16} Claude Hicks passed away in March of 2009.

{¶17} On February 8, 2010, Martin Management filed a complaint against the Malatestas as the duly appointed receiver for Welsh Hills Water Company, Inc. asserting claims for breach of contract, tortuous interference with a contract and seeking release to the receiver of the $25,000 deposit held by a title agency.

{¶18} On August 26, 2010, Appellants sought to intervene as plaintiffs in the Martin Management complaint as the real parties in interest. The trial court granted Appellees' and Martin Management's motion to strike Appellant's pleadings.

{¶19} On December 2, 2010, Appellants Kelly Piemonte and Beth McCarty, as the Executrices of the Estate of Claude H. Hicks, filed a complaint against the

Malatestas and Welsh Hills Water Company, LLC alleging breach of contract and seeking declaratory judgment.

**{¶20}** Via Judgment Entry of April 15, 2011, the trial court consolidated the cases.

**{¶21}** The parties filed cross motions for summary judgment. On February 27, 2012, the trial court granted summary judgment to the Malatestas and Welsh Hills Water Company, LLC on Appellants' claims for breach of contract, but denied summary judgment on Martin Management's claim for tortious interference with a contract, finding genuine issues of material fact remained.

**{¶22}** Appellants filed an appeal with this Court in *Piemonte v. Malatesta*, Licking No. 12CA28, 2013-Ohio-4.  This Court dismissed the appeal for lack of jurisdiction finding the February 27, 2012 Judgment Entry of the trial court not a final appealable order.  This Court noted the trial court consolidated the cases filed against the Malatestas and Welsh Hills Water Company, LLC by Martin Management and the Estate of Claude Hicks on April 15, 2011. Via Judgment Entry of February 27, 2012, the trial court granted summary judgment in favor of the defendants (the Malatestas and Welsh Hills Water Company, LLC) as to the Appellants' claim for declaratory judgment. However, the trial found genuine issues of material fact remained as to Martin Management's claim against the defendants (the Malatestas and Welsh Hills Water Company, LLC) for tortuous interference of contract, and denied Martin Management's motion for summary judgment on that claim. Accordingly, fewer than all of the claims of the parties had been determined. This Court found the February 27, 2012 Judgment

Entry of the Licking County Court of Common Pleas was, therefore, not a final appealable order.

**{¶23}** On remand, the trial court conducted a bench trial as to Martin Management's claim of tortuous interference. Via Judgment Entry of January 29, 2013, the trial court found in favor of the Malatestas.

**{¶24}** On March 22, 2013, Appellants filed their notice of appeal herein, assigning as error:

**{¶25}** "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS-APPELLEES. PLAINTIFFS-APPELLANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.

**{¶26}** "II. UNDER THE DOCTRINE OF JUDICIAL ESTOPPEL, A PARTY'S COMMITMENT, IN OPEN COURT AND ON THE RECORD THAT HE WILL PERFORM A CONTRACT IS BINDING.

I.

**{¶27}** As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007–Ohio5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically

point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *See Russell v. Interim Personnel, Inc .* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

**{¶28}** The purchase agreement entered into between Hicks and Appellees herein reads, in pertinent part,

**{¶29}** "8 i. Entire Agreement.  This Agreement, together with the exhibits attached hereto, constitute the entire agreement between the Seller and the Buyers in respect of the subject matter hereof, and this Agreement supersedes all prior and contemporaneous oral communications, purchase agreements or writings between the Seller and the Buyers in connection with the subject matter of this Agreement.  No change, termination or attempted waiver of any of the provisions of this Agreement shall be binding upon the Seller or the Buyers unless in writing and signed by both parties.

**{¶30}** "8 j. Time of Essence.  Time is of the essence in connection with the parties' performance of all of the terms, conditions, covenants, obligations and agreements set forth in this Agreement.

**{¶31}** "9. Buyers Contingencies.  The obligations of the Buyers under this Agreement are conditioned upon:

**{¶32}** "* * *

**{¶33}** "c. if and to the extent applicable as set forth herein, the reduction of the Purchase Price satisfactory to the Buyers by the amount necessary to purchase such equipment, inventory, supplies, licenses and permits, as described on the attached Exhibit B, either from the Receiver, or equivalent replacements from an alternate third party source:

**{¶34}** "d. full satisfaction and compliance by the Seller of all of the Seller's obligations, undertakings, agreements, representations, warranties and deliveries provided or contemplated herein; and

**{¶35}** "e. the entry of a final order of the Bankruptcy Court in a form satisfactory to the Buyers for which the time to appeal has expired, which shall include a finding that the Buyers are good faith purchasers under 11 U.S.C. §363(m.)"

**{¶36}** As the agreement was for the sale of land and real estate, the statute of frauds requires the agreement and any extensions thereof to be in writing.

**{¶37}** R.C. 1335.04, reads:

**{¶38}** "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."

**{¶39}** The contingencies referenced in section 9 were not met as the Bankruptcy Court did not enter a final order prior to January 31, 2008. The terms of the agreement set forth the Malatestas' obligations and liabilities under the agreement shall terminate on January 31, 2008. As such the contract expired by its own terms on January 31, 2008.

**{¶40}** Appellants essentially argue judicial estoppel removes the Purchase Agreement from the statute of frauds. However, under Ohio law judicial estoppel is not a bar to the defense of Statute of Frauds. *Olympic Holding Company, LLC. V. Ace Limited* 122 Ohio St.3d 89, 2009 Ohio 2057. We find the Bankruptcy Court did not create a new contract; rather, it gave Hicks permission to move forward with the Malatesta purchase agreement. According to the agreed upon terms of the purchase agreement, the agreement expired on January 31, 2008, and no written extension of the agreement exists.

**{¶41}** The first assignment of error is overruled.

II.

**{¶42}** In the second assignment of error, Appellant asserts the Malatestas are personally liable under the terms of the purchase agreement under a theory of promoter liability. The Malatestas individually signed the agreement on behalf of Welsh Hills Water Co., LLC.

**{¶43}** The Malatestas formed Welsh Hills Water Company, LLC. for the purpose of assigning their liabilities and obligations under the purchase agreement to Welsh Hills Water Company, LLC. The Purchase Agreement states upon Welsh Hills Water Company, LLC assignation of the agreement, the Malatestas shall have no individual liability or obligation to Hicks. As set forth in our analysis and disposition of the first assigned error, the purchase agreement at issue herein expired on January 31, 2008. Therefore, any alleged liability has since extinguished under the terms of the expired contract. Furthermore, Appellant's did not raise the issue of the Malatestas' individual promoter liability at the trial court level; therefore, the issue is waived.

**{¶44}** The second assignment of error is overruled.

**{¶45}** The January 29, 2013 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KELLY PIEMONTE, ET AL.                    :
                                          :
    Plaintiffs-Appellants                :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
BRADLEY M. MALATESTA, ET AL.              :
                                          :
    Defendants-Appellees                 :          Case No. 13-CA-14


For the reasons stated in our accompanying Opinion, the January 29, 2013 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs to Appellants.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY