[Cite as *Wilburn v. Kretzler*, 2015-Ohio-4575.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KELLI J. WILBURN | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DEBRA J. KRETZLER | : | Case No. 15-CA-17 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of Common Pleas, Case No. 2014 CV 00105

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 3, 2015

APPEARANCES:

For Plaintiff-Appellant

JAMES R. KINGSLEY
157 West Main Street
Circleville, OH 43113

For Defendant-Appellee

LEO J. HALL
Margulis, Gussler & Hall
P.O. Box 5
50 Bortz St.
Ashville, OH 43103

*Baldwin, J.*

{¶1}  Plaintiff-appellant Kelli J. Wilburn appeals from the  March 6, 2015 Entry of the Fairfield County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Debra J. Kretzler.

STATEMENT OF THE FACTS AND CASE

{¶2}  Frederick J. Kretzler, III aka Fredrick Joseph Kretzler and appellee Debra J. Kretzler were married on June 1, 1985. The two had no children together, although Frederick J. Kretzler, III had one child from a former marriage, appellant Kelli J. Wilburn.

{¶3}  In 1995, Frederick J. Kretzler, III executed a Last Will and Testament leaving everything to appellee if she survived him and if not, leaving one-sixth of his estate to appellant. On June 7, 2013, he executed another will leaving everything to appellee if she survived him and nothing to appellant. Frederick J. Kretzler, II also, around the same time, executed four deeds in such a way that, upon his death, appellee would be the sole owner of the real estate in question.

{¶4}  On June 27, 2013, Frederick J. Kretzler, III, who was suffering from cancer, committed suicide. Subsequently, on February 7, 2014, appellant filed a complaint for declaratory judgment pursuant to R.C. 2721.02 against appellee. Appellant, in her complaint, alleged that the deeds were invalid and void because her father was subject to undue influence and fraud at the time of their execution. Appellant sought to get the transfers rescinded, cancelled and set aside.

{¶5}  Appellee, on March 13, 2014, filed an answer to the complaint and a counterclaim against appellant for intentional infliction of emotional distress and breach of agreement relating to a business that appellant owned.

{¶6} Appellee, on December 29, 2014, filed a Motion for Summary Judgment on the complaint. Appellant, on January 29, 2015, filed a memorandum in opposition to the same. Appellant's memorandum was supported by her own affidavit, some medical records and, a report from the Fairfield County Sheriff's Office regarding the suicide. Appellee filed a reply brief on February 9, 2015.

{¶7} Pursuant to an Entry filed on March 6, 2015, the trial court granted appellee's Motion for Summary Judgment. Appellee then dismissed her counterclaim.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT?

## Summary Judgment

{¶10} Civ.R. 56 states, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse

to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E .2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of

the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

{¶14} It is pursuant to this standard that we review appellant's assignment of error.

I

{¶15} Appellant, in her sole assignment of error, argues that the trial court erred in granting the Motion for Summary Judgment filed by appellee. We disagree.

{¶16} Appellant specifically argues that the deeds should have been set aside because Frederick J. Kretzler, III was induced by fraud and undue influence to execute them. To prove a claim of fraud, a plaintiff must establish the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (2) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark County Board of Commissioners,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

{¶17} "The elements of undue influence are (1) a susceptible party, (2) another's opportunity to influence the susceptible party, (3) the actual or attempted imposition of improper influence, and (4) a result showing the effect of the improper influence." *Ingle v. Ingle,* 2d Dist. Greene No. 2005CA110, 2006-Ohio-3749, 2006 WL 2037320, ¶ 51, citing *West v. Henry,* 173 Ohio St. 498, 501, 184 N.E.2d 200 (1962).

{¶18} Appellee, in support of her Motion for Summary Judgment, attached the deposition of Attorney Melody Lu Steely. Steely, during her deposition, testified that she met with Frederick J. Kretzler, III and appellee in her office on March 8, 1995 and that she prepared mutual wills for them specifying that if one of them died before the other, the survivor would inherit everything. Frederick J. Kretzler, III's will stated that if appellee did not survive him, appellant, after certain distributions were made, would inherit one-sixth of his estate. When Steely was asked during her deposition why appellant would not be inheriting everything after appellee died, she testified that "he [Frederick J. Kretzler, III] indicated he was not close to his daughter and he did not want to make any provision for her over and above what is indicated in this will in 1995." Deposition of Melody Lu Steely at 23. She further testified that when she met with appellee and Frederick J. Kretzler, III on May 9, 2013, he told her that he wanted his properties transferred on death and did not want anything to go to appellant and was "adamant" about it. Id at 30. He stated that he did not have a relationship with appellant and did not want to leave her anything. Steely testified that, because Frederick J. Kretzler, III was suffering from cancer, she recommended the transfer on death or joint and survivor deeds. According to her, Frederick J. Kretzler, III "wanted everything to go to his wife and he did not want to have to – her to incur any more trouble or expense

than necessary,…" Deposition of Melody Lu Steely at 35.   Steely later testified that Frederick J. Kretzler, III was "very competent" and "very lucid", both in 1995 and 2013 and that he made it "very clear" to her that he did not want to make any provisions for appellant. Deposition of Melody Lu Steely at 53.

{¶19} In response to appellee's motion, appellant, in part,  submitted her own affidavit. Appellant, in her affidavit, alleged that she was close with her father and saw him weekly during his cancer battle. She further alleged that when she was away at college, appellee canceled her health insurance and that appellee was resentful of appellant's pregnancy in 1996 and made excuses for Frederick J. Kretzler, III not to visit appellant. Appellant further alleged, in relevant part, as follows:

{¶20} 9. Debra [appellee] told my father I was planning a divorce after 6 months of marriage and an abortion for my first child.  I confronted dad and discovered Debra was on the speaker phone.  She admitted she told this to my aunt Kim.  This was not true.

{¶21} 10. A few weeks before he died, my father and Debra were at my house.  I told him I had sold a van for $8,500.00 which is what I paid for it 5 years before, My father looked shocked and looked at Debra and said "you told me thirty grand".

{¶22} 11. I own and operate a flower shop and I agreed to sell Debra's crafts for her.  She falsely told Frederick that I had sold crafts and not paid her her commission, which is not true.  Debra has counterclaimed for this amount in this lawsuit.

{¶23} 12. I went to college on student loans.  Frederick and Debra came to graduation.  My grandfather, Frederick Kretzler II, was a professor at Dayton University. He asked if I had student loans and I responded yes.  He then wrote me a check for

$43,000.00 stating I should not have to repay student loans as he favored education. I was at Dad's house. She called my grandmother, Patty Kretzler and put her on speaker phone. She complained that I had cheated her out of her inheritance. I should pay that amount back to the estate.

{¶24} 13. No tox screen was run for Frederick for his suicide. As a result, the suicide investigation and the nature of and amount of drugs, which could have contributed to his suicide, is unknown.

{¶25} 14. The suicide was committed in his home with Debra present.

{¶26} 15. Very rarely was I permitted to be in the presence of my father alone. My phone calls were put on speaker phone. When I called his cell phone, she answered it.

{¶27} 16. The isolation has always been. When I was a child and was visiting him, Debra would bring Andrea Cleveland over to play with me which prevented me from time with my dad.

{¶28} 17. Ever since dad started dating Debra, Debra would constantly say to me "Your father never loved your mother".

{¶29} 18. Dad maintained a daily diary that is missing.

{¶30} We find, construing the allegations most favorably towards appellant, the non-moving party, that reasonable minds could not draw different conclusions from the facts. We find that appellee has produced Civ.R. 56 evidence demonstrating that Frederick J. Kretzler, III was not under duress or subject to undue influence, fraud or coercion at the time he executed the deeds and was lucid and competent at the time. We concur with appellee that appellant's affidavit does not "make allegations about

appellee's conduct that could reasonably be construed to be undue influence, duress or coercion" or fraud. We find, therefore, that the trial court did not err in granting appellee's Motion for Summary Judgment.

{¶31} Appellant's sole assignment of error is, therefore, overruled.

{¶32} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.