[Cite as *Estate of Kretzler v. Kretzler*, 2015-Ohio-4776.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESTATE OF FREDERICK J. KRETZLER, III | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| KELLI J. WILBURN | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff – Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| DEBRA J. KRETZLER | : | Case No. 15-CA-18 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
                             Court of Common Pleas, Probate
                             Division,  Case No. 69088-A

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            November 19, 2015

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JAMES R. KINGSLEY                      LEO J. HALL
157 West Main Street                   Margulis, Gussler & Hall
Circleville, OH 43113                  P.O. Box 5
                                       50 Bortz St.
                                       Ashville, OH 43103

*Baldwin, J.*

{¶1}   Plaintiff-appellant Kelli J. Wilburn appeals from the February 27, 2015 Judgment Entry of the Fairfield County Court of Common Pleas, Probate Division, granting the Motion for Summary Judgment filed by defendant-appellee Debra J. Kretzler.

STATEMENT OF THE FACTS AND CASE

{¶2}   Frederick J. Kretzler, III aka Fredrick Joseph Kretzler and appellee Debra J. Kretzler were married on June 1, 1985. The two had no children together, although Frederick J. Kretzler, III had one child from a former marriage, appellant Kelli J. Wilburn.

{¶3}   In 1995, Frederick J. Kretzler, III executed a Last Will and Testament prepared by Attorney Melody Lu Steely leaving everything to appellee if she survived him and if not, leaving one-sixth of his estate to appellant. On June 7, 2013, he executed another Last Will and Testament prepared by the same attorney leaving everything to appellee if she survived him and nothing to appellant.  Several weeks prior to his death, Frederick J. Kretzler, III executed four deeds in such a way that, upon his death, appellee would be the sole owner of the real estate in question.

{¶4}   On June 27, 2013, Frederick J. Kretzler, III, who was suffering from cancer, committed suicide.  His Last Will and Testament was admitted to probate on December 13, 2013.

{¶5}   Subsequently, on February 7, 2015, appellant filed a complaint against appellee in the Fairfield County Court of Common Pleas, Probate Division. Appellant, in the first claim in her complaint, alleged that the 2013 will was not properly executed and that at the time of execution, Frederick J. Kretzler, III was subject to undue influence,

duress and fraud. She asked that the 2013 will be declared void. In her second claim for declaratory judgment, appellant alleged that the four deeds executed by her father shortly before his death were invalid and void because her father was subject to undue influence and fraud at the time of their execution. Appellant sought to have the transfers rescinded, cancelled and set aside.

{¶6} Appellee, on March 13, 2014, filed an answer and counterclaim. In her counterclaim, she set forth claims for intentional infliction of emotional distress and breach of agreement relating to a business that appellant owned. On December 29, 2014, appellee filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition to the same on January 29, 2015 and appellee filed a reply on February 9, 2015.

{¶7} Pursuant to a Judgment Entry filed on February 27, 2015, the trial court dismissed appellant's second claim for lack of jurisdiction and granted appellee's Motion for Summary Judgment on the remaining claim. In a separate Judgment Entry filed the same day, the trial court dismissed appellee's counterclaims.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT?

Summary Judgment

{¶10} Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the

pleadings, depositions, answers to interrogatories, written

admissions, affidavits, transcripts of evidence, and written

stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages**.**

{¶11}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E .2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

{¶14} It is pursuant to this standard that we review appellant's assignment of error.

I

{¶15} Appellant, in her sole assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. We disagree.

{¶16} Appellant specifically argues that, construing the evidence in her favor, "a jury question existed as to fraud, coercion and duress."[1] In *West v. Henry,* 173 Ohio St.

---

[1] Appellant, in her brief, notes that "[f]raud, duress, and undue influence are synonymous in a will contest."

498, 501–502, 184 N.E.2d 200 (1962), the Ohio Supreme Court held the following concerning undue influence:

General influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will. If the will or codicil, as finally executed, expresses the will, wishes and desires of the testator, the will is not void because of undue influence.

The essential elements of undue influence are a susceptible testator, another's opportunity to exert it, the fact of improper influence exerted or attempted, and the result showing the effect of such influence.

The mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question. It must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith. It must be shown that undue influence was exercised with the object of procuring a will in favor of particular parties.

It is well stated, as follows, in 94 C.J.S. Wills § 224, p. 1074:

The fact that the will of the testator of admitted testamentary capacity disposes of his property in an unnatural manner, unjustly, or unequally, and however much at variance with expressions by the testator concerning relatives or the natural objects of his bounty, does not invalidate the will, unless undue influence was actually exercised on the testator. (Emphasis omitted.)

{¶17} Accordingly, a finding of undue influence requires: (1) a susceptible testator, (2) another's opportunity to exert undue influence on the testator, (3) improper influence exerted or attempted, and (4) a result showing the effect of such influence. *Redman v. Watch Tower Bible & Tract Soc. of Pennsylvania,* 69 Ohio St.3d 98, 101, 1994-Ohio-514, 630 N.E.2d 676.

{¶18} Appellee, in support of its Motion for Summary Judgment, attached the deposition of Attorney Melody Lu Steely. Steely, during her deposition, testified that she met with Frederick J. Kretzler, III and appellee and prepared mutual wills for them specifying that if one of them died before the other, the survivor would inherit everything. When asked during her deposition why appellant would not be inheriting everything after appellee died, she testified that "he [Frederick J. Kretzler, III] indicated he was not close to his daughter and he did not want to make any provision for her over and above what is indicated in this will in 1995." Deposition of Melody Lu Steely at 23. She further testified that when she met with appellee and Frederick J. Kretzler, III on May 9, 2013, he told her that he wanted his properties transferred on death and that he did not want anything to go to appellant and was "adamant" about it. Id at 30. He stated

that he did not have a relationship with appellant and did not want to leave anything to her. Steely testified that, because Frederick J. Kretzler, III was suffering from cancer, she recommended the transfer on death or joint and survivor deeds. According to her, Frederick J. Kretzler, III "wanted everything to go to his wife and he did not want to have to – her to incur any more trouble or expense than necessary,…" Deposition of Melody Lu Steely at 35. Steely later testified that Frederick J. Kretzler, III was "very competent" and "very lucid", both in 1995 and 2013 and that he made it "very clear" to her that he did not want to make any provisions for appellant. Deposition of Melody Lu Steely at 53.

{¶19} In response to appellee's motion, appellant submitted, in part, her own affidavit. Appellant, in her affidavit, alleged that she was close with her father and saw him weekly during his cancer battle and went to all of his surgeries in 2013. She further alleged that when she was away at college, appellee canceled her health insurance and that appellee was resentful of appellant's pregnancy in 1996 and made excuses for Frederick J. Kretzler, III not to visit. Appellant further alleged, in relevant part, as follows:

{¶20}  9. Debra [appellee] told my father I was planning a divorce after 6 months of marriage and an abortion for my first child. I confronted dad and discovered Debra was on the speaker phone. She admitted she told this to my aunt Kim. This was not true.

{¶21}  10. A few weeks before he died, my father and Debra were at my house. I told him I had sold a van for $8,500.00 which is what I paid for it 5 years before, My father looked shocked and looked at Debra and said "you told me thirty grand".

{¶22} 11. I own and operate a flower shop and I agreed to sell Debra's crafts for her. She falsely told Frederick that I had sold crafts and not paid her her commission, which is not true. Debra has counterclaimed for this amount in this lawsuit.

{¶23} 12. I went to college on student loans. Frederick and Debra came to graduation. My grandfather, Frederick Kretzler II, was a professor at Dayton University. He asked if I had student loans and I responded yes. He then wrote me a check for $43,000.00 stating I should not have to repay student loans as he favored education. I was at Dad's house. She called my grandmother, Patty Kretzler and put her on speaker phone. She complained that I had cheated her out of her inheritance. I should pay that amount back to the estate.

{¶24} 13. No tox screen was run for Frederick for his suicide. As a result, the suicide investigation and the nature of and amount of drugs, which could have contributed to his suicide, is unknown.

{¶25} 14. The suicide was committed in his home with Debra present.

{¶26} 15. Very rarely was I permitted to be in the presence of my father alone. My phone calls were put on speaker phone. When I called his cell phone, she answered it.

{¶27} 16. The isolation has always been. When I was a child and was visiting him, Debra would bring Andrea Cleveland over to play with me which prevented me from time with my dad.

{¶28} 17. Ever since dad started dating Debra, Debra would constantly say to me "Your father never loved your mother".

{¶29} 18. Dad maintained a daily diary that is missing.

{¶30} As noted by the trial court in its decision, appellant, in response to the deposition testimony of Melody Lu Steely, did not present any evidence that her father was susceptible or that "undue influence was exerted or attempted at the execution of the will." Moreover, with respect to the fourth and final element of undue influence, appellant has failed to produce evidence showing the effect of such alleged influence. Under either the 1995 will or the 2013 will, appellant would have received nothing since appellee was still living. We note that appellant, in her complaint, did not challenge the 1995 will.

{¶31} Based on the foregoing, we find that appellant has failed to produce sufficient evidence to create a genuine issue of material fact with respect to her allegations relating to duress or undue influence.

{¶32} As is stated above, appellant also alleged fraud in her complaint. "The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Stark County Bd. of Comm'rs,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

{¶33} We find that appellant had failed to set forth sufficient acts to create a genuine issue of material fact with respect to fraud. As noted by the trial court in its decision:

Attorney Steely's extensive deposition concerning her conversations with Decedent and his adamant desire to leave his estate to his wife, Ms. Steely's conference notes showing "all to each other", Ms. Steely observations as to the Decedents "very lucid" and "very competent" presentations in her meetings, and the two wills from 1995 and 2013, the only wills of the Decedent, that both leave Decedent's estate to the Defendant, are evidence that fraud had no effect on the outcome. Plaintiff fails to present evidence sufficient to create a genuine issue of fact as to fraud.

{¶34} Based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment.

{¶35} Appellant's sole assignment of error is, therefore, overruled.

{¶36}  Accordingly, the judgment of the Fairfield County Court of Common Pleas, Probate Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.